**INDIANA FARM BUREAU COOPER-
ATIVE ASSOCIATION, INC., Ap-
pellant–Plaintiff,**

v.

**Mike ENNIS, Ennis Brothers & George
Ennis, Appellees–Defendants.**

No. 55A01–9102–CV–38.

Court of Appeals of Indiana,
First District.

July 9, 1991.

Mark W. Coy, Boring & Coy, P.C., Foun-
taintown, for appellant-plaintiff.

Max D. Rynearson, Patsy A. Jones, Ryn-
earson & Associates, Indianapolis, for ap-
pellees-defendants.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

Indiana Farm Bureau Cooperative Asso-
ciation, Inc. ("IFB") appeals a negative
judgment in its breach of contract action
against Mike Ennis, Ennis Brothers, and
George Ennis. We affirm.

### ISSUES

We consolidate and restate the issues on
appeal:

1. Did IFB waive the right to a jury
trial?

2. Did the trial court err by not apply-
ing Indiana's Uniform Commercial Code [1]
("UCC") to the transaction and failing to
find that a binding and enforceable agree-
ment existed under the UCC?

### FACTS

IFB operates Indiana Grain, which mer-
chandises grain by contracting with farm-
ers via telephone to purchase their grain at
a certain price and setting a future date for
delivery. George and Mike Ennis are a
father and son who engaged in a farming
operation called Ennis Brothers. George
retired from active farming in 1987. Since
1984, Ennis Brothers had contracted to sell
grain to IFB twenty-one times.

IFB filed this breach of contract action,
alleging that Ennis Brothers entered a con-

---

1. IND.CODE § 26–1–1–101 *et seq.*

tract on January 21, 1988. IFB did not request a jury trial. IFB asserted that a confirmation memorandum was mailed to Ennis Brothers in January. IFB further alleged that Ennis Brothers relied upon the contract and hedged the contract on the Chicago Board of Trade. In October 1988, IFB learned that Ennis Brothers had been out of business since 1987. IFB cancelled the contract and covered the sale with other grain at a substantially higher price. IFB seeks the difference between the contract price and the price of cover, a total amount of $6,350.

Ennis Brothers filed an answer denying entering the January 1988 contract and receiving confirmation of the contract until September 1988. Ennis Brothers requested a jury trial. Ennis Brothers testified that they received the confirmation in September, and contacted IFB to inform them that no contract had been made. The trial court adopted Ennis Brothers' proposed findings of fact and conclusions of law on October 19, 1990. The court held that IFB failed to prove that a contract had been entered in January.

## DISCUSSION AND DECISION

*Issue One*

■ IFB contends the court erred in conducting a bench trial after Ennis Brothers had made a demand for a jury trial with their answer. IFB contends the court violated Ind.Trial Rules 38 and 39. Ennis Brothers argues IFB waived the right to a jury trial because the parties stipulated to a bench trial during the pre-trial conference on April 16, 1990. IFB replies that the stipulation at the pre-trial conference does not satisfy T.R. 39(A). After a jury trial has been demanded, T.R. 39(A) provides:

"If the parties or their attorneys of record, by written stipulation filed with the court or by oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury upon any or all issues triable by jury as of right and so demanded, the court shall try those issues without a jury. The stipulation shall be effective only if filed or made in court before

evidence is admitted at the trial or at such later time as the court, in its discretion, may allow."

Although the pre-trial oral stipulation does not satisfy the technical requirements of T.R. 39(A) because it was not made in open court, we find that IFB is estopped from seeking a jury trial. Estoppel arises when a party's words or actions mislead another party and such other party is induced to act in a way as to place him at a disadvantage. *Jackson v. DeFabis* (1990), Ind.App., 553 N.E.2d 1212, 1218. The record shows that IFB orally stipulated to a bench trial while in the presence of the judge and Ennis Brothers at the pre-trial conference. Ennis Brothers relied upon IFB's waiver and failed to file a written stipulation or enter the stipulation on the record during the trial. We refuse to allow IFB to obtain a new trial simply because the waiver was not repeated in open court. The trial court did not err in holding a bench trial and entering judgment.

*Issue Two*

■ IFB appeals from a negative judgment, arguing that the court erred in applying common law theories of contract and failing to apply the UCC. We will not reverse a negative judgment on appeal unless it is contrary to law. *Williams v. City of Indianapolis* (1990), Ind.App., 558 N.E.2d 884, 888, *trans. denied.* Furthermore, we will not reweigh the evidence or judge witness credibility as these are functions of the trier of fact. *Id.* Thus, IFB has the burden of proving that the evidence is without conflict and leads unerringly to a conclusion opposite to that reached by the trial court. *Gayler v. North American Van Lines*, Ind.App., 566 N.E.2d 84, 85.

IFB contends that if the court had applied the UCC, a different conclusion would have been reached. We cannot discern conclusively from the record whether the trial court applied the UCC or common law. Assuming that the court applied common law, we will consider IFB's argument that the application of common law is contrary to law and that the application of the UCC

would have resulted in a different conclusion.

IFB presents that both IFB and Ennis Brothers are merchants as defined by I.C. § 26–1–2–104. *See Sebasty v. Perschke* (1980), Ind.App., 404 N.E.2d 1200, 1202–03, *trans. denied* (farmer was a merchant). IFB further contends that a binding, enforceable agreement was entered between the parties. IFB relies upon I.C. § 26–1–1–201(3), which broadly defines "agreement", implying the existence of a contract through the parties' conduct without the formal common law requirements of offer and acceptance. Specifically, trade usage and course of dealing may imply that an agreement has been made. I.C. § 26–1–1–201(3) (West 1990).

IFB also refers to I.C. § 26–1–2–206, which allows any reasonable mode of acceptance. However, IFB's reliance upon this section is premature. IFB must first prove that an offer was extended by Ennis Brothers. I.C. § 26–1–2–201(1) provides that a contract for the sale of goods over $500 is not enforceable unless it is in writing. This requirement is satisfied between merchants if:

> "within a reasonable time a writing in confirmation of the contract and sufficiently against the sender is received and the party receiving it has reason to know its contents ... unless written notice of objection to its contents is given within ten (10) days after it is received."

I.C. § 26–1–2–201(2) (West 1990). The UCC Comment to this section reveals that "the burden of persuading the trier of fact that a contract was in fact made orally prior to the written confirmation is unaffected." I.C. § 26–1–2–201 comment (West 1980). I.C. § 26–1–2–204 provides that a contract may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such contract. Therefore, IFB needed to prove that Ennis Brothers' conduct established that an agreement existed.

IFB alleged that George called Ruth Woodall Coffman, an IFB employee, on January 21, 1988, and agreed to sell ten thousand bushels of corn. Coffman wrote down the terms of the contract and mailed a confirmation to Ennis Brothers. IFB testified that Mike inquired about the status of the contract in August 1988. IFB mailed another memorandum of contract in September. Upon discovering that Ennis Brothers was out of business, IFB cancelled the contract in October.

Disputing IFB's testimony, Ennis Brothers denied entering an agreement in January and receiving confirmation until September. Ennis Brothers stated that as soon as the September confirmation was received, they called IFB and informed them that no contract had been made. The trial court noted that the green copy of the confirmation, which is to be signed by the seller and returned to IFB, was unsigned, which fact supported Ennis Brothers' testimony.

Although evidence exists which may have supported a judgment in favor of IFB, sufficient evidence also exists to support the trial court's conclusion that no contract was made. Because the evidence does conflict and does not lead unerringly to a conclusion opposite to that reached by the trial court, we affirm the trial court's judgment.

Affirmed.

ROBERTSON and CONOVER, JJ., concur.