William SCHILLER, Jr. and Norma Schiller, Appellants–Defendants,

v.

William F. KNIGGE and Allan J. Barker, Appellees–Plaintiffs.

No. 10A05–9101–CV–5.

Court of Appeals of Indiana, Fifth District.

Aug. 8, 1991.

Stephen W. Voelker, Jeffersonville, for appellants-defendants.

Sandra L. Heeke, Smith, Bartlett, Heeke & Carpenter, Jeffersonville, for appellees-plaintiffs.

BARTEAU, Judge.

Automobiles driven by William Schiller and William Knigge collided on a snowy January day in 1988. Both drivers claimed that the other was at fault. Knigge filed a property damage claim against Schiller. Schiller and his wife, who intervened, filed a counterclaim for property damage and personal injury and demanded a trial by jury. While the record is unclear, Knigge apparently settled his property damage claim with Schillers' insurance carrier and subsequently dismissed his claim. The case proceeded on Schillers' counterclaim. On December 30, 1989, the Court, by written order, set the case for trial.

Comes now the Court and sets trial on Defendant's counterclaim for Friday, March 23rd at 1:30 p.m. for trial by the Court. It is the Court's understanding that Defendant wishes to waive trial by jury despite the demand for same filed with the answer and counterclaim.

Should Defendant not wish to waive trial by jury and so informs the Court within twenty (20) days of the date of this order, the date for trial will be continued and set as a back-up to older criminal cases now awaiting trial by jury in this Court.

The trial was continued by the parties several times after the March 23, 1990 setting. A May 17, 1990 motion filed by Schillers requested continuance of the "bench" trial. Subsequent orders granting continuances also referred to the trial setting as a "bench" trial. The case was eventually tried to the court without objection on the 7th and 17th of September. No written or oral stipulation waiving a trial by jury was entered into the record. After taking the matter under advisement, the trial court entered judgment for Knigge and against Schillers on Schillers' counterclaim.

Two issues are raised for our consideration:

1. Whether the Schillers waived their right to a trial by jury?

2. Whether the judgment was defective?

### JURY WAIVER

Schillers complain the bench trial of this cause denied them their right to a trial by jury. They contend that the right to a jury trial may only be waived by a written stipulation filed with the court or by an oral stipulation made in open court. Because neither an oral or written stipulation was entered into the record, they urge us to grant them a trial by jury. Indiana Rules of Trial Procedure, Trial Rule 39(A) and (C) and *Howell v. State Farm Fire and Cas. Co.* (1988), Ind.App., 530 N.E.2d 318 are cited in support.

Trial Rule 39 provides:

(A) **By Jury.** When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. Issues upon which a jury trial is so demanded shall be tried by jury, subject to the following exceptions:

(1) If the parties or their attorneys of record, by written stipulation filed with the court or by oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury upon any or all issues triable by jury as of right and so demanded, the

court shall try those issues without a jury. The stipulation shall be effective only if filed or made in court before evidence is admitted at the trial or at such later time as the court, in its discretion, may allow.

(2) If a party demands a jury trial on any issue upon which he is entitled to jury trial as of right in the case, the court shall grant it on that issue.

\*     \*     \*     \*     \*     \*

(C) **Rulings of the Court—Objections.** In proceeding under Rules 38 and 39, error may be predicated upon the court's ruling or action without motion or other objection by a party.

In *Howell v. State Farm, supra,* Howell sued State Farm over denial of insurance benefits. The case was tried to the court without benefit of a jury. Howell appealed from an adverse judgment asserting he was denied his right to a trial by jury. State Farm argued that Howell waived trial by jury by failing to object to the matter being set as a bench trial. The First District reversed and remanded for a jury trial on the authority of Trial Rule 39(A) and (C), which were interpreted as requiring an oral or written stipulation waiving trial by jury and eliminating the need for an objection prior to proceeding without a jury. *Guess v. Weiss* (1986), Ind.App., 493 N.E.2d 812, was cited as precedent in *Howell* but is distinguishable because the record reflected a timely objection to denial of a jury trial.

*Whisler v. Bank of Henry County* (1990), Ind.App., 554 N.E.2d 17, another First District case, is consistent with *Howell.* In Whisler, the Bank sued a son and his wife, as well as his parents who were guarantors, on a promissory note. Son and wife answered and made a jury demand. Parents did not file an answer and the case was tried to the court. The First District reversed, finding that because a timely jury demand was filed and the record was silent as to any stipulation or agreement altering that demand, the court was obliged to try the case to a jury and failure to do so constituted error.

However, in a recent opinion, the First District took the opposite approach and held that a party was estopped from seeking relief under Trial Rule 39. In *Indiana Farm Bureau Cooperative Assoc., Inc. v. Ennis* (1991), Ind.App., 574 N.E.2d 322, the parties stipulated to a bench trial at a pre-trial conference. This stipulation did not comply with the requirements of Trial Rule 39. On appeal, it was held that the opposing party relied on that pre-trial stipulation and as a result did not properly record the waiver on the record. The party asserting error was consequently found to be estopped from seeking a trial by jury on appeal.

A case involving Trial Rule 38(D) was decided in a similar manner. In *Communications Workers of America, Locals 5800, 5714 v. Beckman* (1989), Ind.App., 540 N.E.2d 117, the defendants requested a jury trial. The plaintiffs claimed that during a discovery conference with the judge several months before trial, defendants attempted to waive the jury demand at which time plaintiffs objected to the withdrawal and refused to consent. There was no evidence in the record of the defendants' alleged withdrawal of the jury demand, the plaintiffs' objection or the court's ruling. The only reference to the jury waiver appears in the court's judgment, which refers to the "jury having been waived." The Fourth District held that the issue was waived because the plaintiff failed to object to proceeding without a jury. Plaintiffs were deemed to have acquiesced in the bench trial.

■ We likewise find that Schillers' failure to object to proceeding to trial without a jury results in waiver of that issue. As stated by Justice DeBruler in *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843:

We prefer to decide issues on their merits, and not to erect procedural obstacles to their presentation. However, a prompt objection affords the trial court an opportunity to prevent or remedy prejudice to a defendant without the considerable waste of time and resources involved in the reversal of a conviction,

and for this reason a contemporaneous objection is required as a condition to appellate review.

Further, litigants will not be permitted to invite error by their action, inaction or silence and then expect to be successful in an attempt to gain relief from the error on appeal. *Associates Investment Co. v. Claeys* (1989), Ind.App., 533 N.E.2d 1248. That is precisely the situation before us. Schillers indicated to the trial judge their desire to waive their jury demand. This waiver was specifically referred to in an order setting the matter for trial. That order also provided that if Schillers were not waiving jury, they had twenty days in which to so inform the court. Schillers in no way responded to the order. The case was continued several more months and then tried to the court without objection. The case was under advisement for three months before the court eventually ruled against Schillers. Until the adverse ruling, no objection to proceeding without a jury was ever raised. Schillers clearly opted to proceed without a jury and may not now attempt to benefit from a purely procedural error.

## JUDGMENT

■ The original judgment entered by the court provided in part that judgment was "granted for the Plaintiff on the defendant's counterclaim." Schillers assert that the court's use of the singular tense of "defendant" indicates the court "forgot what the issues were" and specifically did not account for Norma Schiller's claim. We do not find the judgment indicative of a memory lapse by the trial judge. The caption of the form judgment listed William Schiller, Jr., and Norma Schiller as "Defendant". A misplaced apostrophe is not such a rare occurrence that it will be given significant weight in determining the intent of the trial court.

Further, the judgment was amended approximately three weeks later to clearly reflect that the ruling encompassed the claims presented by both of the Schillers. Schillers' claim that the court lacked jurisdiction to amend the complaint is in error. *See* Trial Rule 60(A).

The judgment of the trial court is affirmed.

AFFIRMED.

RUCKER and SHARPNACK, JJ., concur.