**William F. WEBER and Marjorie A. Weber, Appellants–Petitioners,**

v.

**David COSTIN, Appellee–Respondent.**

**David COSTIN, Appellant–Respondent,**

v.

**William F. WEBER and Marjorie A. Weber, Appellees–Petitioners.**

**No. 87A01–9408–CV–251.**

Court of Appeals of Indiana,
First District.

March 10, 1995.

Publication Ordered Aug. 17, 1995.

Keith A. Meier, Meier Law Office, Newburgh, for appellants.

Edward W. Johnson, Johnson, Carroll & Griffith, Evansville, for appellees.

## OPINION

BAKER, Judge.

Appellants/plaintiffs/cross-appellees William F. Weber and Marjorie A. Weber bring this interlocutory appeal contesting the trial court's entry of partial summary judgment in favor of appellee/defendant/cross-appellant David Costin. Costin cross-appeals claiming that the court erred in granting the Webers' request for a jury trial on their remaining claims.

### FACTS

Costin, a systems engineer with IBM, purchased property in Newburgh, Indiana. Thereafter, he hired Robert Pfingston to build a residential home on the property. Costin drew up a floor plan showing Pfingston how he wanted the house to be built and obtained a residential building permit from the town of Newburgh. Pfingston hired employees to perform the construction of the home. When the home was completed, Costin entered into a real estate listing agreement with Emge Realty Company, Inc. (Emge) in which it agreed to sell the home.

The Webers, through Emge, looked at the home and decided to purchase it. The Webers never met or communicated with Costin prior to the day of the closing on September 12, 1985. At the closing, the Webers signed a real estate purchase agreement and acknowledged receiving a Certification of Insulation signed by Costin in which he certified that the insulation in the home was of a certain grade and quality.

After the Webers moved into the home, they complained of several defects, including plumbing and roof decking problems, poor attic ventilation, a tree stump in the crawl space, and cracking in the walls. On August 3, 1989, the Webers filed suit against Costin and Pfingston claiming negligence, breach of the implied warranty of fitness for habitability, two counts of fraud, two counts of constructive fraud, breach of express warranty, treble damages and punitive damages.[1] On September 6, 1989, Costin filed his answer denying the claims. Thereafter, on May 4, 1990, the Webers filed an amended complaint joining Scheller, Woodruff & Associates, Inc. and Mark C. Woodruff as additional defen-

---

1. Subsequently, Pfingston filed for bankruptcy. On June 1, 1990, the trial court stayed the proceedings in this case pending the bankruptcy court's determination. Ultimately, Pfingston was discharged from the suit and is, therefore, not a party in this appeal.

dants in the suit.[2] Costin filed an amended answer to the Webers' amended complaint on May 11, 1990. Then, on April 3, 1991, Costin filed a motion for partial summary judgment as to the two fraud counts and the two constructive fraud allegations. The trial court took the matter under advisement.

On January 14, 1994, the Webers obtained leave of court and filed a supplemental brief in opposition to partial summary judgment. In response, Costin filed a supplemental brief in support of his motion for partial summary judgment on February 9, 1994.

On March 14, 1994, the trial court granted partial summary judgment in favor of Costin on the two fraud counts, the two counts alleging constructive fraud, as well as on the Webers' claim for treble damages. The court entered findings of fact and conclusions of law in which it determined that the Webers offered no evidence showing that Costin made representations regarding the home that he knew were false. Further, the court found that because the Webers had not presented evidence that Costin intended to defraud them, they were not entitled to receive treble damages.

On July 1, 1994, the trial court, pursuant to Ind. Appellate Rule 4(B)(6), certified an order for interlocutory appeal. On August 18, 1994, we accepted jurisdiction of the interlocutory appeal to consider: 1) whether the court's grant of partial summary judgment was proper and 2) whether the case is triable by jury or by the court.

## DISCUSSION AND DECISION

### I. Partial Summary Judgment

First, the Webers challenge the court's grant of partial summary judgment on the fraud, constructive fraud, and treble damages claims. Summary judgment is an appropriate disposition if the moving party designates specific evidence that there is no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Hermann v. Yater* (1994), Ind.App., 631 N.E.2d 511, 513. If the moving party meets these two requirements, the burden shifts to the non-movant to designate specific facts showing that there is a genuine issue for trial. T.R. 56(C); *Id.*

On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage. *Id.* The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Id.* Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. *Fawley v. Martin's Supermarkets, Inc.* (1993), Ind.App., 618 N.E.2d 10, 12, *trans. denied.* We observe that in the present case, the trial court entered detailed and helpful findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *Watters v. Dinn* (1994), Ind.App., 633 N.E.2d 280, 285, *trans. denied.* However, such findings offer this court valuable insight into the trial court's rationale for its judgment and facilitate appellate review. *Id.*

Initially, we consider whether the court's grant of summary judgment on the actual and constructive fraud counts was appropriate. The elements of actual fraud are: 1) a material misrepresentation of past or existing fact by the party to be charged which, 2) was false, 3) was made with knowledge or in reckless ignorance of the falsity, 4) was relied upon by the complaining party, and 5) proximately caused the complaining party injury. *Block v. Lake Mortg. Co., Inc.* (1992), Ind.App., 601 N.E.2d 449, 451. The elements of constructive fraud are: 1) a duty owing by the party to be charged to the complaining party due to their relationship, 2) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists, 3) reliance thereon by the complaining party, 4) injury to the complaining party as a proximate result thereof, and 5) an advantage gained by the party to

---

**2.** On November 29, 1993, the trial court granted summary judgment in favor of Scheller, Woodruff & Associates, Inc. and Mark C. Woodruff. Thus, they are not parties to this appeal.

be charged at the expense of the complaining party. *Id.*

The Webers argue that there are material issues of fact as to whether Costin made representations to them concerning the non-existence of defects and, thus, summary judgment was inappropriate. However, the record reveals that Costin never made any oral representations to the Webers regarding the condition of the home. In fact, the Webers testified that no one made any representations to them about the house prior to the time they took the deed. R. at 165. Further, the Webers stated that they had no contact with Costin prior to the closing on the home where they "just met [Costin], shook his hand, and that was it." R. at 154. Nevertheless, the Webers argue that although Costin made no verbal representations to them, he signed three documents in which he misrepresented facts regarding the home.

Specifically, the Webers argue that Costin falsely represented: 1) in the building permit that the home would be built in compliance with all applicable regulatory and building codes, 2) in the real estate listing agreement with Emge that there were no defects in the house and that all major components of the home were functionally sound, and 3) in a Certification of Insulation that insulation of a certain grade and quality would be installed in the home. We note that regardless of whether material issues of fact exist regarding whether these documents contain misrepresentations, the Webers' claims for fraud fail on other grounds.

■ In regard to the building permit and the real estate listing agreement, even if we assume these contained representations about the quality of the home, there is no evidence that the Webers read either the permit or the listing agreement prior to buying the home and relied on any representations contained therein in arriving at their decision to purchase the home. As mentioned previously, the Webers testified that no representations were made to them before they bought the house. R. at 165. In order to recover under a fraud theory, one must show that he or she relied on the misrepresentations to his or her detriment. *Scott v.* *Bodor, Inc.* (1991), Ind.App., 571 N.E.2d 313, 321. Because the record is devoid of evidence on the element of reliance, any representations contained in the documents will not support a claim for fraud and are not sufficient to withstand a motion for summary judgment.

■ Next, we consider the alleged misrepresentations in the Certification of Insulation. We note that the Webers did not specifically plead that Costin made a misrepresentation concerning the thickness and quality of the insulation. Their complaint, which alleges several defects, does not contain any claims that the insulation was defective or of an inferior quality. Ind.Trial Rule 9(B) requires that a party must specifically allege the elements of fraud. In addition, the time, place, substance of the false representations, facts misrepresented, and identification of what was procurred by fraud must be specifically alleged. *Dutton v. Int'l Harvester Co.* (1987), Ind.App., 504 N.E.2d 313, 318, *trans. denied* (general allegation that defendant knew that six-row planter was defective but concealed and misrepresented its knowledge in order to sell planter failed to meet T.R. 9(B) standard). Here, because the Webers did not specifically allege that Costin misrepresented the type of insulation, they failed to meet the T.R. 9(B) standard. As a result, the trial court refused to consider the Certification of Insulation as evidence of a misrepresentation supporting a finding of fraud.

■■ In response to the court's action, the Webers argue that T.R. 9(B) should only be used to dismiss or amend a pleading, and not as a means for the court to refuse to consider evidence. The general rule is that a complaint that is deficient under T.R. 9(B) fails to state a claim for which relief can be granted and is thus correctly dismissed. *Dutton*, 504 N.E.2d at 318. However, in the present case, the Webers never pled fraud based upon a misrepresentation of the quality of the insulation. Thus, there was no claim for the court to dismiss. Moreover, the complaint did state claims for relief in regard to the other alleged misrepresentations that the Webers specifically averred.

Therefore, a complete dismissal of the fraud counts would have been improper.[3]

Next, the Webers assert that the court should have allowed them to amend their complaint to include a specific allegation that Costin's Certification of Insulation constituted a misrepresentation supporting a finding of fraud, instead of simply ignoring the document as evidence. However, the Webers fail to recognize that they never made a request to amend their pleading to include a misrepresentation about the insulation. Further, the Webers had almost five years, from the date their first complaint was filed until the motion for summary judgment was granted, to request leave to amend their complaint. Accordingly, the court properly disregarded the Certificate of Insulation as evidence of a fraudulent misrepresentation.

■■■■ At this point, we address the Webers' claim that material issues of fact exist regarding whether Costin was a builder-vendor with a duty to disclose latent defects to the Webers. We agree that material issues of fact exist regarding whether Costin was a builder-vendor and what type of liability this status may trigger. These are issues that will be litigated at trial in regard to the negligence and warranty claims. However, as to the Webers' claims for fraud, we discussed above that T.R. 9(B) requires that the elements of fraud be specifically averred. In their complaint, the Webers claim that Costin was a builder-vendor. However, they failed to specifically allege that Costin, as a builder-vendor, remained silent when he had a duty to disclose latent defects to them and that they relied upon his silence in deciding

to purchase the home. Thus, the Webers did not specifically plead the elements of fraud as required by T.R. 9(B), *See Craig v. ERA Mark Five Realtors* (1987), Ind.App., 509 N.E.2d 1144, 1147 (detrimental reliance is essential element of both actual and constructive fraud), and summary judgment on the fraud counts was proper.[4]

Finally, the Webers claim that the court should not have granted summary judgment on their claim for treble damages. However, because we affirm the trial court's grant of partial summary judgment on the fraud and constructive fraud counts, there is no tort alleged upon which such damages may be awarded. *Miller Brewing Co. v. Best Beers of Bloomington, Inc.* (1993), Ind., 608 N.E.2d 975, 983. Accordingly, summary judgment on the treble damages claim was appropriate.

## II. Request for Jury Trial

■■■■ On cross-appeal, Costin contends that the trial court erred in granting the Webers' request for a jury trial. In a civil proceeding, a demand for a jury trial must be made pursuant to Ind.Trial Rule 38(B). T.R. 38(B) requires that a party's request for a jury trial be made no later than ten (10) days after the first responsive pleading is due. This ten-day period applies whether the responsive pleading is mandatory or merely permissive. T.R. 38(B); *State Farm Auto Ins. v. James* (1990), Ind.App., 562 N.E.2d 777, 779, *trans. denied.* Further, T.R. 38(D) provides that the failure of a party to serve a demand as required by this rule constitutes a waiver of the party's right to a trial by jury

3. The Webers also argue that a failure to comply with T.R. 9(B) is usually only raised by either a motion to dismiss or a motion for a more definitive statement and because Costin did not make a motion for either, the Webers' claim for fraud based upon the Certification of Insulation should not have been dismissed. Appellant's brief at 40. However, the Webers' contention is erroneous in that they never made a claim for fraud based upon the Certification of Insulation and, thus, there was no claim for the court to dismiss. Because no dismissal resulted, we refuse to consider the Webers' argument further.

4. The Webers also argue that the trial court's conclusion of law # 1 is erroneous because it requires that in order to state a claim for fraud one must prove a willful, malicious, false, and

fraudulent representation of fact. Costin posits that willful and malicious representations are not necessary to support a claim of constructive fraud and, thus, summary judgment on the constructive fraud claims is inappropriate. We agree that intent to deceive is not an element of constructive fraud, *Block,* 601 N.E.2d at 451, and that the court's statement is erroneous. However, since we find that the Webers have failed to comply with T.R. 9(B) in regard to some of the alleged misrepresentations and failed to show that they relied on the other alleged misrepresentations, their fraud claims must fail. Thus, the court's mistaken conclusion does not constitute reversible error rendering the partial summary judgment improper.

and the trial court shall not grant a demand for a jury trial after the time fixed in T.R. 38(B) has elapsed, except upon the written agreement of all the parties to the action.

In the case at bar, the Webers' complaint was filed and served on Costin on August 3, 1989. Ind. Trial Rule 6(C) provides that a responsive pleading shall be filed no later than twenty (20) days after service of the prior pleading. Thus, Costin's answer was due on August 23, 1989, which was twenty days after he received service of the Webers' complaint. However, Costin filed his answer on September 6, 1989, thus closing the issues. The Webers did not make a request for a jury trial until May 4, 1990, when they filed an amended complaint joining two new defendants. Nevertheless, the Webers argue that their jury demand was timely filed because their amended complaint extended or renewed the time period in which they had to demand a trial by jury. We disagree.

Although the Webers filed an amended complaint on May 4, 1990, joining two new defendants, the amended complaint did not raise any new issues or claims against Costin that were not raised in the original complaint. Because no new issues were raised against Costin, the amended complaint did not extend the time period in which the Webers had to demand a jury trial. *See Houchin v. Wood* (1974), 162 Ind.App. 76, 317 N.E.2d 911, 912 (trial court is not bound to grant trial by jury where party's demand was not filed within ten (10) days after issues were first closed). Accordingly, the Webers waived their right to a trial by jury.[5]

### III. Conclusion

We find that the Webers have failed to raise material issues of fact in support of their claims for fraud. Therefore, the court properly granted summary judgment in favor of Costin on those counts. Further, because the Webers' claims for fraud fail, there is no tort upon which an award of treble damages can be based. Accordingly, summary judgment on the treble damages count was ap-

propriate. Finally, we conclude that the Webers have waived their right to a jury trial on their remaining claims.

Judgment affirmed in part and reversed in part.

NAJAM and HOFFMAN, JJ., concur.

### ORDER

This Court having heretofore handed down its opinion in this case on March 10, 1995 marked "Memorandum Decision, Not for Publication"; and

The appellant, David Costin, by counsel, having thereafter filed his Petition to Publish Unpublished Opinion and this Court having thereafter issued its order on June 20, 1995 ordering the appellees William F. Weber and Marjorie A. Weber to show cause within fifteen (15) days from the date of that order, why this Court's opinion heretofore handed down marked "Memorandum Decision, Not for Publication" should not now be published; and

The appellees having failed to file a response to the show cause order, the Court now finds that the Petition to Publish Unpublished Opinion filed by the appellant David Costin should be granted and this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The Petition to Publish Unpublished Opinion heretofore filed in this cause by the appellant David Costin is granted and this Court's opinion heretofore handed down in this cause on March 10, 1995 marked "Memorandum Decision, Not for Publication" is now ordered published.

---

**5.** The Webers also argue that the trial court had the discretion to grant their belated request for a jury trial under the excusable neglect provisions of Ind.Trial Rule 6(B)(2). However, they failed to present any argument as to why their neglect in filing the jury trial demand after the expiration of the time provisions of T.R. 38(B) was excusable.