Vernon **HAMLIN**, Anderson Inns, Inc., Ellsworth S. Cook, Jr., and Dean Richards, Appellants–Defendants,

v.

Jack G. **SOURWINE**, Patsy Sourwine, James Sourwine, and Sourwine Construction Corp., Appellees–Plaintiffs.

No. 41A01–9503–CV–81.

Court of Appeals of Indiana.

May 14, 1996.

---

Michael J. Tosick, Greenfield and Dean E. Richards, Indianapolis, for appellants.

Jerry Garau, Price & Barker, Indianapolis, for appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

In this appeal we consider the circumstances under which a party may be deemed to have relinquished a timely jury trial demand. Vernon Hamlin, Anderson Inns, Inc., Ellsworth Cook, Jr., and Dean Richards (collectively "Anderson Inns") appeal from the trial court's judgment in favor of Jack, Patsy and James Sourwine (the "Sourwines") and Sourwine Construction Corporation ("SCC"). Over the objection of Anderson Inns, the court conducted a bench trial. The court found that Anderson Inns had engaged in malicious prosecution when it filed its "Complaint to Recover Damages to Real Estate" and its subsequent Racketeer Influenced and Corrupt Organizations "RICO" claim against the Sourwines and SCC. The court concluded that Anderson Inns had filed these complaints in an attempt to obtain control of the Sourwines' interest in Anderson Motel Realty Corporation ("AMRC"), and the court

awarded the Sourwines and SCC a single judgment against Anderson Inns of $250,-000.00 in compensatory damages and $250,-000.00 in punitive damages.

We reverse.

### ISSUE

Anderson Inns present several issues for our review; however, because one issue is dispositive we only address whether the trial court erred when it held a bench trial rather than a jury trial.

### FACTS

The facts relevant to this appeal show that Jack Sourwine and Ellsworth Cook were business partners and co-owners of AMRC. Cook sold his 50% share of AMRC to Vernon Hamlin after which Hamlin filed suit seeking a declaration that he owned Cook's interest in AMRC. Sourwine counterclaimed alleging that Cook's sale to Hamlin violated Sourwine's partnership agreement with Cook. The trial court set aside Cook's sale and while the issue of the ownership of Cook's interest was pending before this court, Hamlin, Anderson Inns, Inc. and Cook, through their attorney Dean Richards, filed a Complaint to Recover Damages to Real Estate against SCC. SCC moved for summary judgment, which the trial court granted and this court affirmed on appeal.

SCC then filed a Counterclaim and Third Party Complaint against Anderson Inns alleging that it had engaged in malicious prosecution in an attempt to deprive SCC of its property, damage its reputation and defraud the court. SCC filed a jury trial request with its counterclaim and third party complaint. Anderson Inns responded and both Richards and Cook requested a jury trial. Anderson Inns next filed its RICO complaint against SCC and the Sourwines.[1] The trial court concluded that the RICO complaint was without any factual basis and granted summary judgment in favor of SCC and the

---

1. The RICO complaint also named the Sourwines' attorneys, Phillip Kappes and Glen Cra-    ney, Jr., as defendants.

Sourwines.[2]

On March 16, 1993, a pre-trial conference was held and the court set SCC's counterclaim and third party complaint for a bench trial. SCC and the Sourwines then filed their "Amended and Supplemental Counterclaim and Third Party Complaint" on August 3, 1993. This complaint alleged that Anderson Inns had engaged in malicious prosecution when it filed and pursued the complaint to recover damages to real estate as well as the RICO complaint. On July 8, 1994, Richards and Cook each filed a motion requesting a continuance of the July 11, 1994, trial date. These motions also contained objections to proceeding with the bench trial and specifically stated that neither party had waived his right to a trial by jury. SCC and the Sourwines filed a motion in opposition to a continuance and to the jury trial request. The court held a conference call with all parties and its subsequent order stated in relevant part:

> The Counter defendants and Third–Party Defendant are not entitled to a jury trial in this matter. The only matter left for trial in this case is Sourwine's Amended and Supplemental Counterclaim and Third–Party Complaint. The Amended and Supplemental Counterclaim was filed on July 1, 1993. Pursuant to Indiana law, the amended pleading superseded the original pleadings *for all purposes.* *See Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391. No request for jury trial has ever been made by any of the parties in regards to the Amended and Supplemental Counterclaim. Accordingly, none of the parties is entitled to a jury trial. *See* Rule 38, Indiana Rules of Trial Procedure.

(emphasis in the original). Following a bench trial, the court entered judgment for SCC and the Sourwines and against Anderson Inns, awarding both compensatory and punitive damages. Anderson Inns now appeals.

## DISCUSSION AND DECISION

### The Right to a Jury Trial

Anderson Inns argues that the trial court committed reversible error when the court proceeded to hold a bench trial after Anderson Inns had requested a jury trial pursuant to Indiana Trial Rule 38(B). We must agree.

Indiana Trial Rule 38(B) provides that:

> Any party may demand a trial by jury of any issue triable of right by a jury by filing with the court and serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten [10] days after the first responsive pleading to the complaint....

After a jury trial has been demanded, the parties may expressly waive a jury trial "by written stipulation filed with the court or by oral stipulation made in open court and entered in the record." Ind.Trial Rule 39(A)(1). In addition, the failure of a party to appear at trial, and the failure of a party to serve a demand as required by Trial Rule 38 and file it as required by Trial Rule 5(D) constitute waiver. Ind.Trial Rule 38(D).

The cause of action tried to the bench was SCC and the Sourwines' malicious prosecution claim. This claim was originally raised in SCC's counterclaim and third party complaint which was filed on March 21, 1985, and SCC and the Sourwines' amended complaint related back to this original pleading. SCC filed its jury trial request together with its original counterclaim and third party complaint. Record at 36, 41. Richards filed a response to the third party complaint, with a jury trial request, on May 15, 1985. Record at 110, 113. Both jury trial requests were made within ten days after the first responsive pleading and, thus, were timely. *See* Indiana Trial Rule 38(B). The parties did not waive their right to a jury trial in open court pursuant to Trial Rule 39(A)(1).

### A. Amended Pleading

■ Despite the timeliness of the original jury trial demand, the trial court stated that the amended and supplemental counterclaim filed by SCC and the Sourwines superseded the original pleading "for all purposes" and

**2.** This court affirmed the trial court's decision in a memorandum decision, *Hamlin v. Sourwine,* 607 N.E.2d 735 (Ind.Ct.App.1993). The supreme court denied transfer on May 25, 1993.

concluded that timely jury trial demands had not been made since demands had not been re-filed subsequent to the amended pleading. In making its decision, the trial court relied on *Anderson v. Anderson*, 399 N.E.2d 391 (Ind.Ct.App.1979), in which we stated in a footnote that, "as a general rule, an amended pleading replaces the original pleading for all purposes." *Id.* at 406 n. 30.

■ SCC and the Sourwines assert that this rule requires that a new jury trial demand be filed within ten days after an amended pleading. However, we conclude that a timely jury demand made pursuant to Indiana Trial Rule 38(B) is not negated by the filing of an amended pleading. In *Anderson*, we discussed how the contents of the original pleading were superseded by the contents of the amended pleading and, thus, that the right to appeal the court's ruling on the original pleading had been lost. *Id.* Here, we consider the impact of an amended pleading on a jury trial demand. Unlike in *Anderson*, where we discussed how the contents of one pleading superseded another, a jury trial demand is not a pleading.[3] A jury trial demand is the invocation of a constitutional right which, once timely invoked, survives and need not be refiled.

We recently addressed the converse of this issue in *Weber v. Costin*, 654 N.E.2d 1130 (Ind.Ct.App.1995). In *Weber*, the plaintiffs filed their jury demand with an amended complaint. They argued that the jury demand was timely because their amended complaint extended or renewed the time period within which they were allowed to demand a trial by jury. *Id.* at 1136. We concluded that the plaintiff's jury demand was untimely and held that because no new issues were raised against the defendant, the amended complaint did not renew the time period within which the plaintiff could demand a jury trial. *Id.* A necessary corollary to this rule is that a timely jury trial demand is not nullified by the filing of an amended pleading.

### B. Common Law Waiver or Estoppel

SCC and the Sourwines maintain that even if the jury trial demands were timely, Anderson Inns either waived or was estopped from obtaining a jury trial. Again, we cannot agree.

■ Article I, § 20 of the Indiana Constitution guarantees that "[i]n all civil cases, the right of trial by jury shall remain inviolate." *See South Eastern Ind. Natural Gas v. Ingram*, 617 N.E.2d 943, 948 (Ind.Ct.App. 1993). This constitutional right is not absolute and may be waived. *Randolph v. State*, 234 Ind. 57, 62, 122 N.E.2d 860, 863 (1954), *cert. denied*, 350 U.S. 889, 76 S.Ct. 145, 100 L.Ed. 783. Pursuant to Trial Rules 38 and 39 the right to a jury trial may be waived and, in addition, a party may waive or be estopped from having a jury trial under the common law. *See Schiller v. Knigge*, 575 N.E.2d 704 (Ind.Ct.App.1991); *Indiana Farm Bureau Coop. Ass'n v. Ennis*, 574 N.E.2d 322 (Ind.Ct.App.1991).

#### 1. Waiver

■ With regard to waiver, SCC and the Sourwines compare the conduct of Anderson Inns to that of the defendants in *Schiller* where we applied the doctrine of waiver to a jury trial request. In that case, the plaintiff filed a property damage claim against Schiller, and Schiller and his wife counterclaimed. *Schiller*, 575 N.E.2d at 705. The Schillers filed a jury trial request with their counterclaim. *Id.* The trial court then set the cause for trial and in its order stated:

It is the court's understanding that Defendant wishes to waive trial by jury despite the demand for same filed with the answer and counterclaim. Should Defendant not wish to waive trial by jury and so informs the court within twenty (20) days of the date of this order, the date for trial will be continued

.    .    .    .    .

---

**3.** Although the requests for a jury trial were made by separate motions in this case, it is common practice for the jury trial demand to be included or attached to the complaint or answer. However, a jury trial demand is made independently pursuant to Indiana Trial Rule 38(B) and, thus, it is not superseded when an amended complaint is filed and does not need to be refiled whenever there is an amended complaint.

*Id.* The trial was continued by the parties several times and subsequent orders referred to a bench trial. *Id.* The case was tried without a jury. The Schillers lost and appealed the trial court's decision claiming that there should have been a jury trial. *Id.* We held that the "Schillers' failure to object to proceeding without a jury resulted in a waiver of that issue." *Id.* at 706; *see Communications Workers of America, Locals 5800, 5714 v. Beckman,* 540 N.E.2d 117 (Ind.Ct. App.1989) (jury trial issue waived because plaintiff failed to object to proceeding without jury).

The dispositive fact in both *Schiller* and *Beckman* was that the parties had failed to object to a bench trial on the record. *See Schiller,* 575 N.E.2d at 705; *Beckman,* 540 N.E.2d at 121. Unlike in those cases, in this case three separate objections were made. Record at 263, 267 and 331. The first two objections occurred 16 months after the court first set a bench trial and the business day before trial was scheduled to begin. The third objection was on August 24, 1994, when Cook and Richards filed a motion for the court to reconsider its earlier ruling that timely jury trial demands had not been made. Here, the parties' objections to a bench trial were presented to the court prior to trial and, thus, no common law waiver occurred.[4]

▆▆▆▆ Still, SCC and the Sourwines emphasize that pursuant to Trial Rule 16(J), the pre-trial order controlled the subsequent course of action and that none of the parties objected to the pre-trial order despite numerous opportunities to do so. Several subsequent orders also clearly indicated that the cause of action was set for a bench trial. Thus, SCC and the Sourwines contend that Anderson Inns failure to object to these orders constituted a waiver of their right to a jury trial.

A pre-trial conference was held after which the court issued an order stating:

Cause was called for 11:30 a.m. Pre-trial Conference held and convened at 12:00 p.m. Michael J. Tosick appears for Vernon Hamlin and Jerry Garau appears for Jack Sourwine. Dean E. Richards and Jerry Lux failed to appear. *Cause has been set for Trial by Court* on August 23, 1993 at 9:00 a.m. and is estimated to last 5 days. Preliminary and Witness List is to be filed on July 23, 1993. Plaintiff to file Contentions by May 21, 1993. Defendant to file Offer by May 21, 1993, and Contentions by June 3, 1993. Discovery is to be completed by August 6, 1993.

Record at 149 (emphasis added). SCC and the Sourwines correctly observe that the purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and that, once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice. *See* Ind.Trial Rule 16(J). However, a pre-trial order cannot, standing alone, vitiate a party's constitutional right to a trial by jury. Although Richards and Cook failed to appear at the pre-trial conference and are otherwise bound by the pre-trial order, they did not waive their right to a jury trial simply by failing to appear at the pre-trial conference. Under *Schiller* and *Beckman,* the waiver of a party's right to a jury trial requires a clear failure to object on the record to proceeding without a jury. Waiver is an intentional relinquishment of a known right involving both knowledge of the existence of the right and the intention to relinquish it. *van de Leuw v. Methodist Hosp. of Indiana, Inc.,* 642 N.E.2d 531, 533 (Ind.Ct.App.1994). We find no intentional relinquishment here.

### 2. Estoppel

▆▆▆▆ Finally, we consider whether Anderson Inns was barred by estoppel from having a jury trial. We applied the doctrine of estoppel in *Ennis* to prevent a party from obtaining a jury trial after it had been requested. *Ennis,* 574 N.E.2d at 323. In *En-*

---

4. Although Cook did not waive his right to a jury trial pursuant to the common law, Cook failed to appear at trial and waived his right to a jury trial pursuant to Trial Rule 38(D). We also note that Hamlin and Anderson Inns failed to object to proceeding without a jury trial and, thus, committed common law waiver. However, as we discuss later, Richards' actions, in effect, preserved the right to a jury trial for all parties.

*nis,* the defendants submitted a jury trial demand with their answer. *Id.* The parties later stipulated to a bench trial during the pre-trial conference, but that stipulation failed to satisfy the technical requirements of Trial Rule 39 in that it was not made on the record in open court. *Id.* The plaintiffs argued that since the requirements of 39(A) were not met, they were entitled to a new trial before a jury. *Id.* We disagreed and concluded that estoppel applied and barred the plaintiffs from obtaining a jury trial. *Id.* We held that the opposing party relied to its detriment on the pre-trial stipulation and as a result had not entered the parties' agreement to waive the jury trial on the record. *Id.* Thus, estoppel prevented the plaintiffs from obtaining a jury trial. *Id.*

Before estoppel arises, a party's words or actions must mislead another party and such other party must be induced to act in a way as to place him at a disadvantage. *Id.* at 323. Here, unlike in *Ennis,* Richards and Cook objected to a bench trial, and SCC and the Sourwines filed a motion in opposition to those objections. In response to the parties' arguments, the trial court continued the trial for an additional six and one-half weeks during which the court concluded that the jury trial demands were untimely. Because SCC and the Sourwines were aware of Richards and Cook's objections to the bench trial, they cannot argue that they were "misled" by Richards and Cook or "induced" to act to their disadvantage believing that all parties had waived their right to a jury trial. Therefore, we cannot say that estoppel prevented Anderson Inns from enjoying a jury trial.

Although Richards is the only party who did not relinquish his right to a jury trial, we are constrained to reverse the trial court's judgment for Cook, Hamlin and Anderson Inns as well. The trial court entered a general judgment of $250,000.00 in compensatory and $250,000.00 in punitive damages and did not apportion the fault among the parties.[5] This general judgment was not entered pursuant to the Comparative Fault Act and the joint tortfeasors, in this case, are to be treated as one entity. *See Huffman v. Monroe County Com. School,* 588 N.E.2d 1264, 1266 (Ind.1992). Moreover, the general judgment is indivisible since we are unable to determine what portion of the judgment was premised upon Richards' acts. Thus, we are constrained to reverse for a new trial. *See Gomez v. Adams,* 462 N.E.2d 212 (Ind.Ct.App.1984) (General judgment reversed since premised upon co-defendant's acts that could not be imputed to other defendant).

Further, even assuming that liability had been allocated among the parties, Trial Rule 38(D) states that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the other party or parties." This rule mandates that all parties must agree to the withdrawal of the jury trial demand and, thus, requires reversal for all the parties in the action if such consent was not obtained.

We understand that the parties have been engaged in this litigation for many years. Hamlin first filed a complaint against the Sourwines in 1982. The trial court's thorough Findings of Fact and Conclusions of Law recount the tangled course of this case in impressive and convincing detail. Nevertheless, the trial court's decision to proceed with a bench trial violated Article I, § 20 of the Indiana Constitution because none of the waiver or estoppel provisions under the trial rules, or at common law, apply. The people of our state have a profound interest in protecting the constitutional right to a jury trial in that "no other institution of government rivals the jury in placing power so directly in the hands of citizens." JEFFREY ABRAMSON, WE, THE JURY: THE JURY SYSTEM AND THE IDEAL OF DEMOCRACY 1 (1994). The jury system stands almost alone today in entrusting the people at large with the power of government. *Id.* at 2. Given the fundamental importance of the right to a jury trial, we must decline SCC and the Sourwines' invitation to expand and

---

5. The Comparative Fault Act in effect when this cause of action accrued did not include intentional acts within its definition of "fault." *See* IND.CODE § 34–4–33–2(a) (1985).

apply the common law exceptions of waiver and estoppel to the facts in this case. ·

Reversed.

ROBERTSON and FRIEDLANDER, JJ., concur.