Victor STEELE, Appellant–Plaintiff,

v.

McDONALD'S CORPORATION, Rita Fearnow, Eva Gregory, Pat Owsley, Julie Walter, Shannon Lowe, Marcia Gardner, Lonnie Daugherty, and Scott Morrow, Appellees–Defendants.

No. 34A02–9611–CV–709.

Court of Appeals of Indiana.

July 28, 1997.

Victor Steele, Kokomo, Pro Se.

Mark W. Ford, Johnson Smith Pence Densborn Wright & Heath, Indianapolis, for Appellees–Defendants.

## OPINION

ROBERTSON, Judge.

Victor Steele, pro se, appeals the judgment on the pleadings entered against him in his lawsuit against the McDonald's Corporation and several of its employees [McDonald's]. Steele also asserts that the trial court erred in its rulings on various discovery matters and in imposing sanctions against him in the amount of $1,000.00 for violations of the discovery rules. Steele raises four issues, which we restate and expand into five, none of which constitute reversible error.

## FACTS

The facts in the light most favorable to nonmovant Steele reveal that Steele was a convicted felon who had served nearly ten years in prison. After his release, he went to work at a McDonald's restaurant. Initially, Steele did not disclose his felony conviction to McDonald's because the application for employment only requested convictions within the past seven years. However, upon request, and with attendant promises of strict confidentiality, Steele disclosed his felon status to McDonald's. Based on this information, McDonald's took advantage of certain financial incentives (or tax breaks) offered by the government to encourage employers to hire ex-convicts. However, McDonald's discriminated against Steele based on his felon status, requiring him to perform the most distasteful jobs such as cleaning out the grease trap. Moreover, despite his excellent work performance, McDonald's would

not give Steele more responsibility or place him on a management track.

After having worked at McDonald's for three months, Steele was fired for beating up a 17–year–old co-worker. The fight had not been Steele's fault, as the co-worker had attacked Steele who had merely defended himself. Nevertheless, Steele was convicted of a misdemeanor battery charge arising out of this incident based on the false testimony of a McDonald's employee.

Steele then applied for, and obtained, a job at a Kroger grocery store. Steele did not disclose to Kroger that he was a convicted felon, leaving that portion of the application form blank. However, some unknown employee of McDonald's called the Kroger security office and informed Kroger of Steele's felon status. Kroger then terminated Steele on this basis.

Steele, pro se, filed the instant complaint against McDonald's which read in pertinent part as follows:

### MOTION FOR COMPENSATION OF LOSS

Comes now the Plaintiff, Victor Steele, filing *pro se, asking the court,* to award him just compensation for his [loss].

The Plaintiff has suffered grievous loss because of the action of the Defendants.

In support of this motion the Plaintiff states the following facts:

1. The defendants committed fraud and violated a confidentiality agreement, for which they received compensation and the Plaintiff relied upon, intentionally causing the plaintiff harm.

2. The Plaintiff was promised by the defendants that there would be no discrimination in his job because of confidential information[.] He was discriminated against having been denied certain jobs that could lead to promotion, [and] given the more distasteful jobs.

3. The defendants discriminated against the Plaintiff, because of the confidential information they obtained under false pretense in the firing of him, causing the permanent loss of revenue and benefits.

4. Because of knowledge of the confidential information, [a McDonald's employee] intentionally misrepresented an incident which resulted in the arrest of the Plaintiff, then intentionally and willfully changed her story at trial. Causing the Plaintiff untold harm.

5. Defendants intentionally and willfully used confidential information to get the Plaintiff fired from his next job, causing permanent loss of revenue and *RELIEF* [sic]:

The Plaintiff asks for nine hundred thousand dollars ($900,000), postage and court costs.

The Plaintiff prays for the court to grant this motion as the Defendants['] actions have caused him irreparable harm and in the interests of justice.

Steele filed numerous and repetitive discovery requests upon McDonald's, as well as nonparties. For example, much litigation revolved around Steele's efforts to obtain McDonald's records from the IRS. Steele routinely bypassed opposing counsel regarding discovery matters and, instead, filed multiple motions to compel discovery escalating the costs of litigation and requiring the court's attention and intervention. McDonald's ultimately requested the court to impose sanctions against Steele for his repeated violations of the discovery rules. McDonald's presented evidence that Steele's discovery violations had cost it nearly $2,500.00 in attorney fees and other expenses.

The trial court granted McDonald's motion for judgment on the pleadings. The trial court also sanctioned Steele in the amount of $1,000.00 pursuant to Ind.Trial Rule 37(A)(4). This appeal ensued.

### DECISION

■ A pro se plaintiff must adhere to the same procedural rules as a litigant represented by a licensed attorney. *Wilhoite v. Melvin Simon & Associates,* 640 N.E.2d 382, 384 (Ind.Ct.App.1994); *Nesses v. Specialty Connectors Co., Inc.,* 564 N.E.2d 322, 326 (Ind.Ct.App.1990).

■ A motion for judgment on the pleadings tests the sufficiency of the complaint to state a redressable claim, not the facts to support it. *South Eastern Indiana Natural Gas v. Ingram,* 617 N.E.2d 943, 946 (Ind.Ct.App.1993). The test to be applied is whether the allegations of the complaint, taken as true and in the light most favorable to the nonmovant and with every intendment regarded in his favor, sufficiently state a redressable claim. *Id.* at 946–47. When the pleadings present no material issues of fact, and the facts shown by the pleadings clearly entitle a party to judgment, the entry of judgment on the pleadings is appropriate. *Mirka v. Fairfield of America, Inc.,* 627 N.E.2d 449, 450 (Ind.Ct.App.1994), *trans. denied.* When a motion for judgment on the pleadings is predicated upon matters extraneous to the pleadings, the motion should be treated in the same manner as a motion for summary judgment. T.R. 12(C); *Anderson v. Anderson,* 399 N.E.2d 391, 405 (Ind.Ct. App.1979). Any procedural irregularity in the conversion of a T.R. 12 motion to a motion for summary judgment will be harmless where the conversion does not result in prejudice to the appellant. *Ayres v. Indian Heights Volunteer Fire Department, Inc.,* 493 N.E.2d 1229, 1233 (Ind.1986).

## I.

*Wrongful Termination—Discrimination*

■ Indiana follows the doctrine of employment-at-will, under which employment may be terminated by either party with or without reason. *Wior v. Anchor Industries, Inc.,* 669 N.E.2d 172, 175 (Ind.1996). However, where an employee gives independent consideration for an employment contract, such as giving up a competing business, conveying a valuable coal lease, or releasing the employer from liability on a personal injury claim, the employer may terminate the employee only for good cause. *See Id.* Simply moving one's household to a new location or relinquishing an existing job will not constitute adequate independent consideration. *Id.* at 176. Additionally, an employee states a cause of action for wrongful or retaliatory discharge where he is discharged for exercising a statutorily conferred right or duty. *Id.*

at 177. However, our supreme court has expressed a reluctance to broaden exceptions to the employment-at-will doctrine. *Id.* at 177–78. Title VII of the Civil Rights Act of 1964 authorizes courts to award money damages to persons subjected to employment discrimination on the basis of 'race, color, religion, sex, or national origin.' *Fitzpatrick v. Bitzer,* 427 U.S. 445, 448–49, 96 S.Ct. 2666, 2667–68, 49 L.Ed.2d 614 (1976).

■ That McDonald's may have been able to obtain Steele's services at a subsidized rate due to his status as an ex-convict under some governmental program does not constitute independent consideration from Steele which would remove the case from the ambit of the employment-at-will doctrine. Steele has not identified a statutory right or duty implicated by his termination which would support a claim for wrongful or retaliatory discharge. Steele's status as a convicted felon is not a class protected from employment discrimination. Moreover, Steele has not alleged that McDonald's discriminated against him upon any other basis which might arguably support a cause of action—for example, age or disability. Therefore, we must conclude that Steele's complaint fails to state a redressable claim of wrongful termination or employment discrimination.

## II.

*Fraud—Breach of Confidentiality Agreement*

■ Indiana Trial Rule 9(B) requires that the circumstances constituting an alleged fraud, including the time, place, substance of the false representations, the facts misrepresented, and an identification of what was procured by fraud, must be plead with specificity. *Weber v. Costin,* 654 N.E.2d 1130, 1134 (Ind.Ct.App.1995). A complaint which does not satisfy the T.R. 9(B) standard fails to state a redressable claim. *Id.* The essential elements of actual fraud are: 1) a material representation of past or existing fact, 2) which was false, 3) which was made with knowledge or reckless ignorance of its falsity, 4) which was relied upon by the complaining party, and 5) which proximately

caused the complaining party injury. *Rice v. Strunk,* 670 N.E.2d 1280, 1289 (Ind.1996). Certain misrepresentations are appropriately subjected to summary judgment because, as a matter of law, they are 'not the stuff of which a fraud recovery is made.' *Id.* Employers and their agents are immune from civil liability for the disclosure of truthful information to subsequent and potential employers. Ind.Code 22–5–3–1(b).

■ Steele's general averments in his complaint that McDonald's somehow defrauded him by disclosing his felon status fails to satisfy the specificity requirement of T.R. 9(B). Moreover, the disclosure of Steele's status as a felon, in violation of an alleged agreement to keep that truthful information confidential, is simply not the stuff of which a fraud recovery is made. Finally, McDonald's is immune for its disclosure of this truthful information to Kroger under I.C. 22–5–3–1(b). Therefore, these sections of Steele's complaint fail to state a redressable claim, and we find no error.

### III.

#### *Perjury Resulting in Battery Conviction— Malicious Prosecution*

■ The law provides absolute immunity for all participants, including witnesses, for the performance of their duties in a judicial proceeding. *Hamed v. Pfeifer,* 647 N.E.2d 669, 672 (Ind.Ct.App.1995). An essential element in a claim of malicious prosecution is that the criminal prosecution be terminated in the plaintiff's favor. *Conwell v. Beatty,* 667 N.E.2d 768, 778 (Ind.Ct.App. 1996).

■ The McDonald's employee who testified against Steele is absolutely immune from civil liability for the testimony she gave at Steele's criminal trial. Steele's trial ended in his conviction upon the battery charge, and therefore he cannot state a claim for malicious prosecution. Thus, this section of Steele's complaint also fails to state a redressable claim, and we find no error.

### IV.

#### *Discovery Rulings*

■ The trial court is vested with discretion in its rulings on discovery matters. *CIGNA–INA/Aetna v. Hagerman–Shambaugh,* 473 N.E.2d 1033, 1036 (Ind.Ct.App. 1985), *trans. denied.* The scope of discovery is a matter highly dependant on the facts of each case, and the fact-sensitive nature of discovery issues requires deference to the decision of the trial court. *Vibromatic Co., Inc. v. Expert Automation Systems Corporation,* 540 N.E.2d 659, 661 (Ind.Ct.App.1989).

■ As discussed above, Steele's complaint failed to state a redressable claim. Therefore, we cannot conclude that the trial court abused its discretion in limiting the scope of discovery. Moreover, considering that Steele's complaint failed to state a redressable claim, any error in the trial court's discovery rulings was harmless. *See* Ind.Trial Rule 61.

### V.

#### *Discovery Sanctions*

■ Although the scope of discovery under the trial rules is broad, the imposition of sanctions is appropriate to halt a wild goose chase where the errant hunter has abused the discovery process. *Dahlin v. Amoco Oil Corporation,* 567 N.E.2d 806, 814 (Ind.Ct.App.1991), *trans. denied.* We will reverse the imposition of sanctions only upon a showing of an abuse of discretion. *Id.*

■ In the present case, the trial court imposed sanctions against Steele after he had 1) repeatedly filed motions to compel without first attempting to resolve his discovery disputes with opposing counsel, 2) twice violated the 15–day advance notice provision of T.R. 34(C), and 3) repeatedly sought discovery of material that was not reasonably calculated to lead to the discovery of admissible material. Based on the record before us, we cannot conclude that the trial court abused its discretion in ordering Steele to pay $1,000.00 to McDonald's as a sanction for abuses of the

discovery process. Therefore, we find no error.

Judgment affirmed.

NAJAM and SULLIVAN, JJ., concur.