SOUTH SHORE THRIFT CORPORATION, Appellant and Respondent, v. NATIONAL BANK OF FAR ROCKAWAY, Respondent and Appellant.

Argued December 8, 1937; decided January 11, 1938.

*Joseph F. Finkelstein* for defendant, respondent and appellant. The judgment in the prior action is *res adjudicata.* (*Barber* v. *Kendall,* 158 N. Y. 401; *National Fire Ins. Co.* v. *Hughes,* 189 N. Y. 84; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304.) A pledgor-pledgee relationship is one of trust; an action for an equitable accounting did lie, and leave to proceed with a law action was error. (*Barber* v. *Hathaway,* 47 App. Div. 165; 169 N. Y. 575; *Wheeler* v. *Newbould,* 16 N. Y. 392; *Morris* v. *Windsor Trust Co.,* 213 N. Y. 27; *Simpson* v. *Jersey City Contracting Co.,* 165 N. Y. 193; *Warner* v. *Fourth Nat. Bank,* 115 N. Y. 251.)

*Donald L. Newborg* for plaintiff, appellant and respondent. The issues in this action are not *res adjudicata.* (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Sielcken-Schwarz* v. *American Factors, Ltd.,* 265 N. Y. 239; *Reynolds* v. *Ætna Life Ins. Co.,* 160 N. Y. 635; *Rudd* v. *Cornell,* 171 N. Y. 114; *Griffen* v. *Keese,* 187 N. Y. 454; *Ney* v. *Zimmerman,* 207 App. Div. 195; *Becherer* v. *Keefe,* 259 N. Y. 298; *Stowell* v. *Chamberlain,* 60 N. Y. 272; *Belden* v. *State,* 103 N. Y. 1; *Bedford Ice Palace, Inc.,* v. *Brooklyn Trust Co.,* 246 App. Div. 734; *Marine Transit*

*Corp.* v. *Switzerland General Ins. Co.*, 263 N. Y. 139; *People ex rel. Vil. of Chateaugay* v. *Pub. Serv. Comm.*, 255 N. Y. 232; *Jasper* v. *Rozinski*, 228 N. Y. 349.) The Appellate Division erred in dismissing the complaint since this action lies in equity. (*Earle* v. *N. Y. Life Ins. Co.*, 7 Daly, 303; 74 N. Y. 618; *Toplitz* v. *Bauer*, 161 N. Y. 325; *Wheeler* v. *Newbould*, 16 N. Y. 392; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Stern & Co.* v. *Pizitz*, 240 App. Div. 509; *Kono* v. *Roeth*, 237 App. Div. 252; *First Trust & Deposit Co.* v. *Potter*, 155 Misc. Rep. 106; *Dibert* v. *D'Arcy*, 248 Mo. 617; *Fur & Wool Trading Co.* v. *Fox, Inc.*, 245 N. Y. 215; *Marvin* v. *Brooks*, 94 N. Y. 71; *Schantz* v. *Oakman*, 163 N. Y. 148; *Symmers* v. *Carroll*, 207 N. Y. 632; *Rhodes* v. *Little Falls Dairy Co.*, 230 App. Div. 571; 256 N. Y. 559; *Dalton* v. *Smith*, 86 N. Y. 176; *Buder* v. *N. Y. Trust Co.*, 82 Fed. Rep. [2d] 168.)

*Per Curiam.* In the prior action the plaintiff contended that the transfer of the collateral by the bank was invalid, and asserted a right to the return of the collateral. The person to whom the transfer was made was a defendant in that action, and upon his motion summary judgment in his favor was entered " dismissing the complaint in its entirety." The defendant bank did not join in that motion, and no judgment in its favor was entered. Then the plaintiff began this action asking an accounting from the bank of the proceeds of the transfer, which it has received. The defendant bank has moved for summary judgment dismissing the complaint.

The defendant urges that the plaintiff pleaded, or attempted to plead, in the prior action not only a cause of action for the return of the collateral but also a cause of action for an accounting. By meticulous analysis and broad construction of the complaint in the prior action, perhaps a cause of action against the bank for an accounting might be spelled out, though such a cause of action would be inconsistent with the cause of action against the

codefendant of the bank for the return of the collateral. In this case no such analysis would be appropriate. Upon this appeal, as upon the appeal to the Appellate Division, the parties ask the court to treat the prior judgment, entered upon the motion of the codefendant, dismissing the complaint on the merits, " in its entirety " as a judgment in favor of and conclusive of the defendant bank, also. The court, upon that motion, was bound to grant judgment dismissing the complaint if it failed to allege a cause of action against the moving party. It could not consider whether an inconsistent cause of action against the bank could be spelled out. The judgment of dismissal cannot be construed to cover such a cause of action.

We hold with the Appellate Division that the judgment in the prior action was not *res judicata*. We are of the opinion, however, that the complaint states a cause of action in equity by plaintiff as pledgor against the defendant as pledgee to recover the balance received upon the sale of the mortgage pledged over and above the amount owing by the plaintiff to the defendant. The complaint alleges that the defendant wrongfully applied such balance (the amount of which is unknown to the plaintiff) to reduce or satisfy the debt of a third party to the defendant, for the payment of which debt the plaintiff was not liable. It also alleges that the defendant has refused to give plaintiff a statement of the account after demand therefor. The complaint states a cause of action in equity. (*Fur & Wool Trading Co.* v. *Fox, Inc.*, 245 N. Y. 215.)

The judgment of the Appellate Division and that of the Special Term should be reversed and the motion denied, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.