◼ MIAMI NATIONAL BANK, Appellant, v. BERLANTI CONSTRUCTION CO., INC., Respondent, et al., Defendant.— In an action to recover the unpaid balance due on promissory notes made by the corporate defendant and guaranteed as to payment by the individual defendant, the plaintiff appeals from an order of the Supreme Court, Westchester County, entered January 25, 1965, which denied its motion; (a) for summary judgment upon the first cause of action

against the corporate defendant, and (b) for partial summary judgment with respect to the past due interest claimed in the second cause of action against such defendant. Order reversed; plaintiff's motion for summary judgment against the corporate defendant on the first cause of action and for partial summary judgment against the corporate defendant with respect to the past due interest claimed in the second cause of action, granted; an assessment of plaintiff's damages is directed to be had accordingly; the action is severed as to all the other items of damage claimed by plaintiff in its second cause of action and as to the plaintiff's third cause of action against the individual defendant based upon his guarantee; and the action is remitted to the Special Term for the assessment of the damages, for the entry of an appropriate judgment and for further proceedings not inconsistent herewith. The corporate defendant admits its indebtedness, but claims a credit for the collateral security sold by the plaintiff. The said defendant does not deny that the collateral was sold at public auction by the plaintiff after notice. Nor does this defendant claim that the sale was held improperly or without authority. Upon the assessment of damages the proceeds of the sale may be credited against the balance due; moreover, the fiduciary relation between the parties includes the corporate defendant's right to an accounting (*South Shore Thrift Corp.* v. *National Bank of Far Rockaway,* 276 N. Y. 465). Ughetta, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.