John BOOK and Earl R. Book,
Appellants–Plaintiffs,

v.

James G. HESTER, Appellee–Defendant,

Dennis L. Heuring and Doris Ann
Heuring, Appellees–Third–
Party Defendants,

Jack E. Swope and Thelma R.
Swope, Appellees–Third–
Party Defendants.

No. 60A01–9708–CV–265.

Court of Appeals of Indiana.

April 27, 1998.

C. Duane O'Neal, Brian A. Statz, Lewis & Kappes, Indianapolis, for Appellants–Plaintiffs.

Don M. Robertson, Margaret M. Frisbie, Bunger & Robertson, Bloomington, Charles W. Edwards, Spencer, for Appellee–Defendant James E. Hester.

Michael J. Lewinski, Ice Miller Donadio & Ryan, Indianapolis, for Appellees–Third–Party Defendants Dennis L. Heuring and Doris Ann Heuring.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

On November 16, 1995, Joan and Earl R. Book ("the Books")[1] filed a Verified Complaint for Temporary Restraining Order, Preliminary Injunction and Declaratory Judgment against James G. Hester. The Books objected to a fence that Hester had erected across a road over which the Books claim a prescriptive easement. Hester filed a Cross–Complaint to Quiet Title to Land. After a hearing, the trial court granted the restraining order. Both parties then moved for summary judgment, which the trial court denied.

Thereafter, Hester filed a third-party complaint naming his immediate predecessors in title, the Heurings, as third-party defendants. The Heurings answered and, in turn, filed a third-party complaint against their immediate predecessors in title, the Swopes. The Swopes moved for judgment on the pleadings. After a hearing, the trial court granted the motion in favor of Hester, the Heurings and the Swopes (collectively, the "Appellees") and against the Books, who now appeal.

We affirm.

### ISSUE

The sole issue presented for our review is whether the Books' relinquished their prescriptive easement when they signed a disclaimer of interest in connection with a quiet title action brought by Hester's remote predecessors in title.

### FACTS

The Books own approximately 143 acres in Owen County, including forty acres purchased from Joan Book's grandparents in June of 1969. The Books maintain cattle on the forty-acre parcel, which they insist can only be accessed by a gravel road that crosses Hester's property, located to the east of the Books' property. At least since 1907, the road has been used continuously for access to the forty acres. That access has not been based on a deed or other written instrument but on prescriptive use.[2] In October of 1995, Hester erected a fence blocking the Books' use of the road, which prompted the Books to seek injunctive and declaratory relief.

In defending the Books' lawsuit, the Appellees presented evidence that the Books had

---

1. Originally, Joan Book was not a party to the action but was added as a party plaintiff by Hester on February 15, 1996.

signed a disclaimer of interest on April 24, 1989, related to a quiet title action brought by the Swopes.[3]  The disclaimer stated:

> That [the Books] deny they own or assert any claim or interest in the real property located west of the above described property, which has recently been purchased by Jack E. Swope and Thelma R. Swope and which they understand will become the subject of an action to quiet title by the Swopes.

The Books' disclaimer was not filed in the quiet title action.

## DISCUSSION AND DECISION

### Standard of Review

■ A motion for judgment on the pleadings tests the sufficiency of the complaint to state a redressable claim, not the facts to support it.  *Steele v. McDonald's Corp.*, 686 N.E.2d 137, 141 (Ind.Ct.App.1997), *trans. denied.*  The test to be applied is whether the allegations of the complaint, taken as true and in the light most favorable to the nonmovant and with every intendment regarded in his favor, sufficiently state a redressable claim.  *Id.*  When the pleadings present no material issues of fact and the facts shown by the pleadings clearly entitle a party to judgment, the entry of judgment on the pleadings is appropriate.  *Mirka v. Fairfield of America, Inc.*, 627 N.E.2d 449, 450 (Ind.Ct.App.1994), *trans. denied.*  However, when a motion for judgment on the pleadings is predicated, as here, on matters extraneous to the pleadings, the motion should be treated in the same manner as a motion for summary judgment.  Ind.Trial Rule 12(C).

Any procedural irregularity in the conversion of a T.R. 12 motion to a motion for summary judgment will be harmless where the conversion does not result in prejudice to the appellant.  *Ayres v. Indian Heights Volunteer Fire Dep't, Inc.*, 493 N.E.2d 1229, 1233 (Ind. 1986).

### Enforceability of Disclaimer

■ The Books contend that the trial court erred when it entered judgment in favor of Hester.  Specifically, the Books argue that the 1989 disclaimer is unenforceable because it was not recorded pursuant to Indiana Code § 32–3–2–7.  The Appellees counter that Section 32–3–2–7 does not apply to the property interest at issue and that the unrecorded disclaimer is enforceable against the Books.

The Books direct us to the statutory framework contained in Indiana Code §§ 32–3–2–1 to 32–3–2–15 ("the disclaimer statute").  The disclaimer statute outlines the procedures necessary to "disclaim" a property interest that has "devolved" under (1) the laws of intestacy;  (2) a testamentary instrument, including powers of appointment;  (3) a life insurance policy or annuity;  or (4) joint tenancy interest.  IND.CODE §§ 32–3–2–2 to 32–3–2–5.  The statute also applies to any "interest that has devolved by means other than those provided in section 3, 4, and 5 of this chapter, including an interest that has devolved under a nontestamentary instrument...."  IND.CODE § 32–3–2–6.  In addition, Indiana Code § 32–3–2–7 provides:

> (a) A disclaimer of an interest is effective under section 5 or 6 of this chapter only if it is delivered in person or mailed by first

<hr>

2.  A prescriptive easement is acquired by an actual, hostile, open, notorious, continuous, uninterrupted, and adverse use of 20 years under a claim of right with the knowledge and acquiescence of the owner.  IND.CODE § 32–5–1–1.  The Appellees do not maintain that the Books had not acquired an easement by prescription over the road, but that the Books effectively renounced their interest in the easement.  For purposes of this opinion, we conclude that the Books did, at one time, hold the easement at issue.

3.  The Swopes sold the property, by warranty deed, to the Heurings on August 4, 1989.  The Heurings then sold the property, also by warranty deed, to Hester on August 25, 1995.

class United States mail either to the transferor of the interest or his personal representative, or to the holder of the legal title to the property to which the interest relates.

(b) A disclaimer of an interest in real property is effective under section 5 or 6 of this chapter *only if it is recorded in each county where the real property is located.*

(emphasis added). Pursuant to Sections 6 and 7, the Books argue that the disclaimer at issue in this case is unenforceable because it was not recorded.

We cannot agree that the disclaimer statute renders the Books' disclaimer unenforceable.[4] The Probate Code Study Commission Introductory Comments to the chapter state that a "disclaimer is a refusal to accept property *ab initio*...." *See* IND.CODE § 32–3–2–14 (commission's comments may be consulted by the court in applying the disclaimer statute). The Comments further state that the "law of disclaimer is founded on the property law concept that *a transfer of title to property is not complete until it is accepted by the recipient and that no person can be forced to accept property against his will.*" (emphasis added). Finally, the disclaimer statute provides that the "right to disclaim an interest ... is barred by acceptance of the interest...." IND.CODE § 32–3–2–11.

Here, the Books acquired their property by contract from Joan Book's grandparents in 1969, and they received a warranty deed for the property on April 28, 1972. The Books accepted title to the property at that time without disclaiming their interest in the

easement, and they continued to use the road for access until Hester erected the fence. Having had the use and benefit of the easement for many years, the Books cannot now claim relief under a statute which, if it applied, would require them to disclaim their interest *ab initio*. As already stated, the disclaimer statute only contemplates the disclaimer of an interest in property *prior to* acceptance. As such, the statute does not apply to the present case.

■ Even if the disclaimer statute did apply, the Books had actual notice of the disclaimer and, thus, cannot now complain that they were prejudiced by the fact that the disclaimer was not recorded. Like the Indiana Recording Statute, *see* Indiana Code § 32–1–2–16, the disclaimer statute is designed to give constructive notice to third-parties. *See McIntyre v. Baker*, 660 N.E.2d 348, 352 (Ind.Ct.App.1996) (recorded deeds and mortgages provide constructive, rather than actual, notice). Here, notice is not an issue. As a general rule, a party to a deed, mortgage or other instrument concerning an interest in real estate is bound by the instrument whether or not it is recorded. *See Blair v. Whitaker*, 31 Ind.App. 664, 69 N.E. 182 (1903).

■ The Books' disclaimer is legally binding. The disclaimer serves as a release and is enforceable at Hester's option. *See* 25 AM.JUR.2d, *Easements and Licenses* § 118 (1996) (easement owner may extinguish easement through express written release to owner of servient estate).[5] The record indicates that the Swopes brought a quiet title

---

**4.** The Appellees argue that the disclaimer statute is inapplicable because the Books' property interest did not "devolve" in the manner contemplated by the statute. We disagree with that argument. The disclaimer statute expressly applies to a property interest acquired, as here, by deed or contract. The Comments to Indiana Code § 32–3–2–2 state that "[a]ny property, real or personal, tangible or intangible, and any interest in property, legal or equitable, present or future may be disclaimed. The disclaimer extends to rights under life insurance policies and annuities as well as employee benefit plans. It is immate-

rial how the interest devolves whether by reason of intestacy, gift, will, exercise of power of appointment, disclaimer, *deed, or contract.*" (emphasis added).

**5.** "Release" is defined as the "relinquishment, concession, or giving up of a right ... by the person in whom it exists or to whom it accrues, to the person against whom it might have been demanded or enforced." BLACK'S LAW DICTIONARY 1289 (6th ed.1990).

action[6] in 1989 against several named and unnamed defendants including, "John Doe, Jane Doe and their Heirs, Assigns and Legatees." The Books were not specifically named nor did they intervene in the action. However, they voluntarily executed a document, bearing the caption of the quiet title action, in which they "disclaimed" their interest in the Swopes' property.[7] Because the Books knew or should have known the legal import of the disclaimer, they are now estopped from claiming that they hold a prescriptive easement over the road.[8]

Still, the Books direct us to this court's opinion in *Popp v. Hardy*, 508 N.E.2d 1282 (Ind.Ct.App.1987), in which we held that a quiet title decree was not res judicata against a party not joined in the quiet title action. *Id.* at 1287. Like the Books, Popp filed an action to enjoin interference with an alleged prescriptive easement. *Id.* at 1283. Hardy, the servient estate holder, claimed that Popp's suit was barred by res judicata because title in the servient estate had been previously quieted. *Id.* We disagreed and stated that because Popp was not named in the quiet title action and because his claim was not at issue in that action, res judicata did not bar Popp's adverse possession claim. *Id.* at 1287.

Although they were not named in the Swopes' quiet title action, the Books voluntarily relinquished their interest in the easement. With the disclaimer in hand, the Swopes had no reason to make the prescriptive easement an issue and join the Books, who had denied having any claim or interest in the property. In addition, unlike the defendant in *Popp*, the Appellees do not contend that the Books' lawsuit is barred by the Swopes' quiet title decree. Rather, they maintain that the Books are estopped from

maintaining their action by virtue of their disclaimer. Based on the foregoing, *Popp* is distinguishable and does not control our decision.[9]

In sum, because the Books have attempted to renounce their interest in the easement after acceptance, they cannot now invoke the recording requirement of the disclaimer statute to invalidate their disclaimer. Further, the disclaimer is not unenforceable merely because the Books were not parties to the quiet title action. Having once given the disclaimer, the Books are now estopped from repudiating it. Since there are no remaining factual disputes and because the existence of the disclaimer is dispositive as to the relative rights and obligations of the parties, the trial court correctly entered judgment for the Appellees and against the Books.

Affirmed.

BAKER and RILEY, JJ., concur.

---

6. Judgment was entered for the Swopes in the quiet title action.

7. Perhaps the most common means of disclaiming an interest in real estate is by execution and delivery of a quit claim deed. Here, the disclaimer was tendered in connection with a quiet title action and had the same practical effect as a quit claim deed would have had as between the parties and their privies.

8. We agree with the Appellees that the Books' disclaimer is the kind of disclaimer routinely involved in quiet title actions, although in this

case it appears the disclaimer was not actually filed in the Swopes' action.

9. Contrary to the Appellees' argument, our supreme court's opinion in *New American Oil & Mining Co. v. Troyer*, 166 Ind. 402, 77 N.E. 739, 740 (1906) also does not control our decision. In that case, the court held that a disclaimer in a quiet title action operates as an estoppel and is an absolute bar to the defendant's later assertion of the right renounced. However, the defendant in *Troyer* was named in the quiet title action and, thus, the quiet title judgment was res judicata.