**Patricia FARIS, Individually and Personal Representative of the Estate of John Faris, Appellant–Plaintiff,**

v.

**AC AND S, INC., et al., Appellees–Defendants.**

No. 49A02–0506–CV–494.

Court of Appeals of Indiana.

Feb. 21, 2006.

Rehearing Denied May 1, 2006.

Linda George, W. Russell Sipes, Laudig George Rutherford & Sipes, Indianapolis, for Appellant.

Michael A. Bergin, Julia Blackwell Gelinas, Daniel M. Long, Locke Reynolds LLP, Indianapolis, for Bayer Cropscience, Inc.

Nana Quay–Smith, Dennis F. Cantrell, Karl L. Mulvaney, Denise W. Chavis, Bingham McHale LLP, Indianapolis, for Owens–Illinois, Inc. and G.W. Berkheimer.

Mary K. Reeder, Charles C. Douglas, Riley Bennett Egloff, LLP, Indianapolis, for Wheeler Protective Apparel.

Jason L. Kennedy, Keith J. Hays, Allison M. Scott, Nancy S. Woodworth, Segal McCambridge Singer & Mahoney, Chicago, IL, for Garlock Sealing Technologies LLC, Foster Wheeler LLC, A.W. Chesterton Company, and M & O Insulation.

David A. Temple, Matthew J. Schafer, Drewry Simmons Vornehm, LLP, Indianapolis, Michael A. Pollard (pro hac vice), Baker & McKenzie LLP, Chicago, IL, for John Crane, Inc.

Raymond H. Modesitt, John Christopher Wall, Wilkinson Goeller Modesitt Wilkinson & Drummy, Terre Haute, for Forseco, Inc., Dana Corp., Industrial Holdings Corp., Pneumo Abex LLC, Successor In Interest to Abex Corp.

Raymond L. Faust, Norris Choplin & Schroeder, LLP, Indianapolis, for Brand Insulation, Inc.

Reginald B. Bishop, Roberts & Bishop, Indianapolis, for D.B. Riley, Inc., a/k/a Riley Stoker Corporation.

Susan E. Mehringer, Lewis & Wagner, LLP, Indianapolis, for Natkin Construction Company.

Bruce B. Marr, McKenna Storer, Chicago, IL, for Paul J. Krez Company.

Douglas B. King, Dayna L. Switzer, Wooden & McLaughlin, LLP, Indianapolis, for Bechtel Corporation, Corundite Refractories, Inc., J.M. Foster, Inc., Morrison Construction Company, Inc., Oakfabco, Inc., and Crown Cork & Seal Company, Inc.

Kurt E. Keagle, Johnson & Bell, Highland, H. Patrick Morris (Pro hac vice), David M. Macksey (Pro hac vice), Johnson & Bell, Ltd., Chicago, IL, for Mobile Corporation.

Edward F. Harney, Jr., Janet Halline Nelson, Hume Smith Geddes Green & Simmons, LLP, Indianapolis, for BMW Constructors, Inc.

Charles P. Edwards, Monica R. Brownwell Smith, Barnes & Thornburg LLP, Indianapolis, for 3M Company.

## OPINION

BAKER, Judge.

Appellant-plaintiff Patricia C. Faris (Faris), individually and as personal representative of the Estate of John Faris, appeals from the trial court's grant of the motion to dismiss and final judgment in favor of appellees-defendants AC and S, Inc., et al. (Appellees), in this action regarding personal injuries to John caused by asbestos. Specifically, Faris raises four issues, which we consolidate and restate as: (1) whether the trial court erred in denying Faris's motion to amend the complaint to show the personal representative as the party bringing the suit; (2) whether the statute of limitations for the survivorship statute was tolled by a stay; and (3) whether Faris's derivative loss of consortium claim should have survived independently of the personal injury claims. Concluding that the trial court properly dismissed Faris's motion to amend but that her loss of consortium claim survives that dismissal, we affirm in part, reverse in part, and remand to the trial court for proceedings consistent with this opinion.

### FACTS

On March 16, 2001, John and Patricia Faris filed suit against a multitude of product manufacturers and premises owners alleging personal injuries to John caused by asbestos or asbestos-containing products manufactured, sold, installed, caused to be installed, used, distributed, or placed into the stream of commerce by Appellees. The complaint also alleged a loss of consortium suffered by Faris. Unbeknownst to counsel, John had died on November 24, 2000, from causes unrelated to the injuries alleged in the complaint.

On May 22, 2001, the trial court entered a stay applicable to "the mass filings made by ... [Plaintiffs' counsel]." Appellant's App. p. 73. The trial court reaffirmed the stay on December 17, 2001, stating, "The only documents properly filed with the Court and on Verilaw in these cases are Defendant Appearances and Plaintiff Verified Initial Disclosure Statements. All other documents, including Motions to Dismiss, Notices of Dismissal and other filings are not permitted and will be subject to Strike by the Court." Appellant's App. p. 53–54. On November 25, 2003, the stay was modified to permit, among other things, the filing of an amended complaint.

On October 3, 2002, Faris was appointed personal representative of John's estate. On October 12, 2004, Faris filed with the trial court a motion to substitute the personal representative of John's estate as the plaintiff. Appellees opposed these motions, arguing that the original complaint was a nullity and that Faris should not be allowed to amend the complaint because there were no pending wrongful death or survival claims into which the personal representative could be substituted. Each defendant also sought either dismissal or judgment on the pleadings. On May 2, 2005, the trial court held a hearing on these motions, and on May 4, 2005, the trial court issued its order denying Faris's motion to substitute. The trial court stated in pertinent part:

8. The original Complaint for Damages did not state a cause of action upon which relief could be granted and the Motion to Substitute Personal Representative did not cure the deficiencies of the Complaint.

9. Because the original Complaint was not valid, because no wrongful death action was originated during the two-year frame established by the Wrongful Death Act and because Plaintiff's Motion to Substitute Personal Representative did not cure any deficiencies in the original Com-

plaint, the Defendants' Objections must be SUSTAINED and the Motion to Substitute must be DENIED.

McCorkle App. p. 29–30. The trial court subsequently entered various orders dismissing with prejudice all of the defendants from the lawsuit. The trial court entered final judgment on the pleadings as to all defendants, and Faris now appeals.

## DISCUSSION AND DECISION

Faris raises several claims with regard to the trial court's entry of judgment in favor of Appellees. First, Faris contends that the trial court should have granted leave to amend the complaint to substitute the personal representatives of John's estate because it relates back to the original complaint. Second, Faris argues that the survivorship claims are not time barred because of the stay entered in these proceedings. Finally, Faris asserts that the derivative loss of consortium claims survives independently of any procedural bar unrelated to the merits of the asbestos claims.

■ A motion for judgment on the pleadings tests the sufficiency of the complaint to state a redressable claim, not the facts to support it. *Book v. Hester,* 695 N.E.2d 597, 599 (Ind.Ct.App.1998). The test to be applied is whether the allegations of the complaint, taken as true and in the light most favorable to the nonmovant and with every intendment regarded in his favor, sufficiently state a redressable claim. *Id.* When the pleadings present no material issues of fact and the facts shown by the pleadings clearly entitle a party to judgment, the entry of judgment on the pleadings is appropriate. *Id.* But when a motion for judgment on the pleadings is predicated, as here, on matters extraneous to the pleadings,[1] the motion should be treated in the same manner as a motion for summary judgment. Ind. Trial Rule 12(C). Any procedural irregularity in the conversion of a Trial Rule 12 motion to a motion for summary judgment will be harmless where the conversion does not result in prejudice to the appellant. *Book,* 695 N.E.2d at 599.

■ When reviewing a trial court's ruling on a motion for summary judgment, we apply the same standard as the trial court. No deference is given to the trial court's judgment. *Hutchens v. MP Realty Group–Sheffield Square Apartments,* 654 N.E.2d 35, 37 (Ind.Ct.App.1995). Summary judgment is appropriate only if the designated evidence shows that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law. Indiana Trial Rule 56(C). Though summary judgment is clothed with a presumption of validity, "[t]he trial court's determination will be 'carefully scrutinized on appeal' to assure that the non-prevailing party is not improperly prevented from having his day in court." *Ind. Dep't of State Revenue v. Caylor–Nickel Clinic, P.C.,* 587 N.E.2d 1311, 1313 (Ind.1992). If the trial court's grant of summary judgment can be sustained on any theory or basis in the record, we will affirm. *Dunaway v. Allstate Ins. Co.,* 813 N.E.2d 376, 380 (Ind.Ct.App.2004).

Indiana Code section 34-9-3-4, the Survival Statute, states:

(a) This section applies when a person:

---

1. Indiana Rule of Trial Procedure 7(A) defines a pleading as, "(1) a complaint and an answer; (2) a reply to a denominated counterclaim; (3) an answer to a cross-claim; (4) a third-party complaint, if a person not an original party is summoned under the provisions of Rule 14; and (5) a third-party answer." Thus, a motion to substitute the personal representative is not a pleading.

(1) receives personal injuries caused by the wrongful act or omission of another; and

(2) subsequently dies from causes other than those personal injuries.

(b) *The personal representative of the decedent who was injured may maintain an action against the wrongdoer* to recover all damages resulting before the date of death from those injuries that the decedent would have been entitled to recover had the decedent lived. The damages inure to the exclusive benefit of the decedent's estate.

(Emphasis added). Thus, it is clear that Indiana law allows the personal representatives of John's estate to bring suit for his personal injuries.[2]

█ This does not end our inquiry, inasmuch as an action for personal injury abates upon the death of the injured person under common law. *Foster v. Evergreen Healthcare, Inc.*, 716 N.E.2d 19, 24 (Ind.Ct.App.1999). The General Assembly has enacted legislation to provide causes of action through various acts, such as the Survival Statute and the Wrongful Death Act. These statutes do not revive the common law right of action for personal injury, but create a new right in favor of the legal representative of the injured decedent. *Hilliker v. Citizen's St. R.R. Co.* 152 Ind. 86, 52 N.E. 607, 607 (1899).

It is undisputed that John had died before the present action was instituted in his name and in Faris's name. Thus, under the common law, John's claims had abated, and he was legally unable to institute a suit in his own right. Under the plain language of the Survival Statute, only the personal representative of John's estate, not Faris as an individual, could properly institute this lawsuit. However, this does not mean that the amended complaint with the personal representative named as the plaintiff might not properly relate back to the original complaint.

In order to facilitate decisions on the merits and to avoid pleading traps, the Indiana Trial Rules generally implement a policy of liberal amendment of pleadings, absent prejudice to an opponent. *Ind. Farmers Mut. Ins. Co. v. Richie*, 707 N.E.2d 992, 996 (Ind.1999). Indiana Trial Rule 15(C) states in pertinent part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

And Indiana Trial Rule 17(A) states in pertinent part:

Every action shall be prosecuted in the name of the real party in interest.

---

**2.** Faris also contends that the trial court erred in basing any part of its ruling regarding the motion to substitute on a wrongful death claim, inasmuch as Faris has not and does not plan to assert a wrongful death claim. While we agree with Faris that such statements in the order were irrelevant to the issue, this is not dispositive of the appeal inasmuch as we may affirm the trial court's grant of summary judgment on any theory or basis in the record. *Dunaway*, 813 N.E.2d at 380.

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced initially in the name of the real party in interest.

Faris cites to several cases in support of her argument. First, she directs our attention to *Benke v. Barbour*, 450 N.E.2d 556 (Ind.Ct.App.1983), in which this court allowed an amended complaint that sought to add an additional plaintiff to a personal injury action after the two-year statute of limitations had run. This court found that the defendant was not prejudiced by the amendment because the cause of action did not change, and therefore allowed the relation back. *Id.* at 558–59. Faris also discusses *Johnson v. Parkview Health Sys., Inc.*, 801 N.E.2d 1281 (Ind.Ct.App.2004), in which the mother of a deceased child filed a lawsuit as a personal representative and based her claim upon the Child Wrongful Death Statute. The mother moved to amend the complaint to include herself and her son's father in their individual capacity when the defendants sought dismissal on the grounds that a personal representative could file no such claim. The trial court denied the request, and this court reversed, finding that the plaintiff seeking the amendment was qualified to maintain the action as the child's mother. *Id.* at 1286.

In response, Appellees point us to *Gen. Motors Corp. v. Arnett*, 418 N.E.2d 546 (Ind.Ct.App.1981) and *Hosler v. Caterpillar, Inc.*, 710 N.E.2d 193 (Ind.Ct.App. 1999).[3] But, as we noted in *Johnson*, "[i]n both *Arnett* and *Hosler*, we found that the complaint could not be amended because the claimant did not have the appropriate legal status when the two-year period for initiating the claim had passed and amending the claim could not change the legal status of the claimant." *Johnson*, 801 N.E.2d at 1287. From these cases, we can extrapolate the rule that an amended complaint will relate back if the claimant gains the appropriate legal status within the statute of limitations. As such, the question becomes whether Faris became the personal representative of her husband's estate before the statute of limitations passed.

■ Under Indiana Code section 34–11–7–1, when a person dies before the expiration of the time limited for a cause of action, the cause of action survives to the personal representative and may be brought at any time after the expiration of the time limited within eighteen months after the person's death. John died on

3. Appellees cite *Arnett* and *Hosler* for the proposition that "Trial Rule 15(C) cannot be used to alter a party's legal status." Appellee's Br. p. 10. But in fact, the *Arnett* court's decision with regard to Trial Rule 15(C) was based on the fact that Mrs. Arnett had not sought an amendment to her complaint. Instead, her legal status became that of personal representative after she had filed the complaint as the legal representative. The *Arnett* court noted that it was aware of:

other jurisdictions and federal cases which do permit an amended complaint, changing a plaintiff's legal capacity from individual to that of personal representative, or a belated appointment to relate back to the date of the original filing in order that such capacity or appointment may fall within the requisite statutory period of the applicable wrongful death act.... The federal cases construing F.R.C.P. 15(c) are not applicable to a wrongful death action under Indiana law, even though the wording is identical in F.R.C.P. 15(c) and Ind. T.R. 15(C).

*Arnett*, 418 N.E.2d at 549.

November 24, 2000, and Faris became the personal representative of his estate on October 3, 2002, more than twenty-two months after John's death. In an attempt to circumvent this problem, Faris argues that the stay implemented by the trial court in the asbestos cases tolls the eighteen-month statute of limitations. Appellant's Br. p. 15–17. While it is true that Faris could not request to have the personal representative substituted as the party plaintiff until after the stay was modified, nothing prevented her from being named the personal representative of John's estate during the stay. Becoming the personal representative is a separate action from the asbestos case, and the stay did not toll the time in which Faris had to gain the appropriate legal status. Thus, the trial court properly dismissed Faris's asbestos claims.

Finally, we are left with the issue of whether the trial court also properly dismissed Faris's loss of consortium claim. In *Bd. of Comm'rs of Cass County v. Nevitt*, 448 N.E.2d 333 (Ind.Ct.App.1983), a panel of this court was faced with the question of when an injured husband's inability to recover for his injuries will preclude his wife's claim for loss of consortium. The *Nevitt* court found that the claim for loss of consortium will be barred only when the injured spouse's claim is completely invalid. But where an injured husband's recovery is prevented by a procedural bar unrelated to the merits of his claim, his claim should still be viewed as valid for the purpose of supporting his wife's claim for loss of consortium. *Id.* at 341.

Our Supreme Court addressed a similar issue in *Durham ex rel. Estate of Wade v. U–Haul Int'l*, 745 N.E.2d 755 (Ind.2001). *Durham* was examined in the context of a wrongful death action, but our Supreme Court noted that there is no sig-

nificant difference between traditional loss of consortium damages and loss of consortium damages under the wrongful death statute. *Id.* at 766. Our Supreme Court cited with approval a statement made by Judge Posner in *Abernathy v. Superior Hardwoods, Inc.*, 704 F.2d 963, 972 (7th Cir.1983), where he stated, " 'You cannot claim loss of consortium for a period after your spouse's death unless the defendant's culpable acts accelerated his death, and there is no suggestion that the accident reduced [plaintiff's] life expectancy.' " *Durham*, 745 N.E.2d at 766. Thus, loss of consortium damages do not continue to accrue beyond a spouse's death unless the defendant is responsible for the death. *Id.*

Based on our reading of *Nevitt* and *Durham*, Faris's loss of consortium claim is valid in spite of the procedural bar to her husband's claims. But she can only recover loss of consortium damages through the date of John's death because Faris has admitted from the outset that John died "from causes other than the underlying asbestos-related disease." Appellant's Br. p. 2. Therefore, the trial court erred in dismissing Faris's loss of consortium claim.

In sum, we find that the trial court properly dismissed the claims relating to John's asbestos-related injuries because Faris did not become the personal representative of John's estate until after the statute of limitations had run. But we find that the trial court erred in dismissing Faris's loss of consortium claims in spite of the dismissal of her husband's claims.

The judgment of the trial court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

NAJAM, J., and BAILEY, J., concur.