Dianne McCORKLE, on her own behalf and On behalf of the Estate of Phillip McCorkel, Appellant–Plaintiff,

v.

AC AND S, INC., et al., Appellees–Defendants.

No. 49A02–0506–CV–493.

Court of Appeals of Indiana.

Feb. 21, 2006.

Linda George, W. Russell Sipes, Laudig George Rutherford & Sipes, Indianapolis, for Appellant.

Michael A. Bergin, Julia Blackwell Gelinas, Daniel M. Long, Locke Reynolds LLP, Indianapolis, for Bayer Corpscience, Inc.

Nana Quay–Smith, Dennis F. Cantrell, Karl L. Mulvaney, Denise W. Chavis, Bingham McHale LLP, Indianapolis, for Owens–Illinois, Inc. and G.W. Berkheimer.

Mary K. Reeder, Charles C. Douglas, Riley Bennett Egloff, LLP, Indianapolis, for Wheeler Protective Apparel.

Jason L. Kennedy, Keith J. Hays, Allison M. Scott, Nancy S. Woodworth, Segal McCambridge Singer & Mahoney, Chicago, IL, for Garlock Sealing Technologies LLC, Foster Wheeler LLC, A.W. Chesterton Company, and M & O Insulation.

David A. Temple, Matthew J. Schafer, Drewry Simmons Vornehm, LLP, Indianapolis, Michael A. Pollard (pro hac vice), Baker & McKenzie LLP, Chicago, IL, for John Crane, Inc.

Raymond H. Modesitt, John Christopher Wall, Wilkinson Goeller Modesitt Wilkinson & Drummy, Terre Haute, for Forseco, Inc., Dana Corp., Industrial Holdings Corp., Pneumo Abex LLC, Successor In Interest to Abex Corp.

Raymond L. Faust, Norris Choplin & Schroeder, LLP, Indianapolis, for Brand Insulation, Inc.

Reginald B. Bishop, Roberts & Bishop, Indianapolis, for D.B. Riley, Inc., a/k/a Riley Stoker Corporation.

Susan E. Mehringer, Lewis & Wagner, LLP, Indianapolis, for Natkin Construction Company.

Bruce B. Marr, McKenna Storer, Chicago, IL, for Paul J. Krez Company.

Douglas B. King, Dayna L. Switzer, Wooden & McLaughlin, LLP, Indianapolis, for Bechtel Corporation, Corundite Refractories, Inc., J.M. Foster, Inc., Morrison Construction Company, Inc., Oakfabco, Inc., and Crown Cork & Seal Company, Inc.

Kurt E. Keagle, Johnson & Bell, Highland, H. Patrick Morris (Pro hac vice), David M. Macksey (Pro hac vice), Johnson & Bell, Ltd., Chicago, IL, for Mobile Corporation.

Edward F. Harney, Jr., Janet Halline Nelson, Hume Smith Geddes Green & Simmons, LLP, Indianapolis, for BMW Constructors, Inc.

Charles P. Edwards, Monica R. Brownwell Smith, Barnes & Thornburg LLP, Indianapolis, for 3M Company.

## OPINION

BAKER, Judge.

Appellant-plaintiff Dianne McCorkle (McCorkle), individually and as personal representative of the Estate of Phillip McCorkle, appeals from the trial court's grant of the motion to dismiss and final judgment in favor of appellees-defendants AC and S, Inc., et al. (Appellees), in her action regarding personal injuries to Phillip caused by asbestos. For more background, see our companion decision *Faris v. AC and S, Inc.*, No. 49A02–0506–CV–494, 842 N.E.2d 870, 2006 WL 389834, also handed down today. McCorkle raises one dispositive issue: whether the trial court erred in denying her motion to amend the complaint to show the personal representative as the party bringing the suit. Finding that McCorkle gained the proper legal status to bring this case within the statute of limitations, we reverse the judgment of the trial court and remand for further proceedings.

### FACTS

On April 6, 2001, Phillip and Dianne McCorkle filed suit against a multitude of product manufacturers and premises owners alleging personal injuries to Phillip caused by asbestos or asbestos-containing products manufactured, sold, installed, caused to be installed, used, distributed, or placed into the stream of commerce by Appellees. The complaint also alleged a loss of consortium suffered by McCorkle. Unbeknownst to counsel, Phillip had died on January 21, 2001, from causes unrelated to the injuries alleged in the complaint.

On May 22, 2001, the trial court entered a stay applicable to "the mass filings made by ... [Plaintiffs' counsel]." Appellant's App. p. 87. On December 21, 2001, McCorkle was named personal representative of Phillip's estate. On November 25, 2003, the stay was modified to permit, among other things, the filing of an amended complaint, and on August 10, 2004, McCorkle filed with the trial court a motion to substitute the personal representative of Phillip's estate as the party plaintiff. Appellees opposed these motions, arguing that the original complaint was a nullity and that McCorkle should not be allowed to amend the complaint because there were no pending wrongful death or survival claims into which the personal representatives could be substituted. Each defendant also sought either dismissal or judgment on the pleadings. On May 2, 2005, the trial court held a hearing on these motions, and on May 4, 2005, the trial court issued its order denying McCorkle's motions to substitute. The trial court subsequently entered various orders dismissing with prejudice all of the defendants from the lawsuit. The trial court entered final judgment on the pleadings as

to all defendants, and McCorkle now appeals.

## DISCUSSION AND DECISION

As outlined in the companion case, Phillip's claims abated with his death, but the Survival Statute, Indiana Code section 34–9–3–4, allows the personal representative of Phillip's estate to bring suit for his personal injuries. The claim must be brought under the Survival Statute within eighteen months of the decedent's death. Ind.Code § 34–11–7–1. We also noted that the rule is that an amended complaint will relate back if the claimant gains the appropriate legal status within the statute of limitations. As such, the question becomes whether McCorkle became the personal representative of her husband's estate before the statute of limitations passed.

Phillip died on January 21, 2001, and McCorkle became the personal representative of his estate on December 21, 2001. Thus, we conclude that she had the appropriate legal status to bring this claim within eleven months of Phillip's death, and her amended complaint related back to the original complaint because she gained the proper legal status within eighteen months of Phillip's death.

The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.

NAJAM, J., and BAILEY, J., concur.