Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about February 21, 2013, which granted defendants’ motion to dismiss the complaint, unanimously affirmed, with costs.
Defendants obtained judgments against plaintiffs in an aggregate amount of more than $17 million on written loan guaranties made by plaintiffs in favor of defendants. In this action, plaintiffs seek an equitable accounting alleging the judgments have been satisfied and cancellation of the judgments obtained in the prior action.
Plaintiffs, guarantors of the loans made between affiliated entities and defendants, did not allege sufficient facts of a fiduciary relationship with defendants so as to maintain a claim for an accounting. Contrary to plaintiffs’ contention, no property was pledged or entrusted to defendants (see South Shore Thrift Corp. v National Bank of Far Rockaway, 276 NY 465, 469 [1938]; Chalasani v State Bank of India, N.Y. Branch, 235 AD2d 449 [2d Dept 1997], lv dismissed 90 NY2d 936 [1997]). The dispute was simply between debtors and creditors, which is a contractual relationship, and therefore, not a fiduciary relationship (see SNS Bank v Citibank, 7 AD3d 352, 354 [1st Dept 2004]; Marine Midland Bank v Yoruk, 242 AD2d 932, 933 [4th Dept 1997]).
Plaintiffs provide no basis to set aside a final determination concerning their indebtedness in a separate action as they did not allege that the court lacked jurisdiction, or that fraud occurred (see Ruben v American & Foreign Ins. Co., 185 AD2d 63, 66 [4th Dept 1992]; Di Russo v Di Russo, 55 Misc 2d 839, 844 [Sup Ct, Nassau County 1968]). Plaintiffs’ remedy was to raise the dispute that the judgment has been satisfied in a motion pursuant to CPLR 5021 (a) (2) (see Malik v Noe, 54 AD3d 733, 734 [2d Dept 2008]), and where there is conflicting documentary evidence, an evidentiary hearing should be held (id.). Concur— Mazzarelli, J.E, Friedman, DeGrasse, Freedman, Kapnick, JJ.