## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2018, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory P. Gadson
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

John C. Trimble
Neal Bowling
Lynsey F. David
Lewis Wagner, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Maynona Blackmon, *Appellant-Plaintiff,* | September 28, 2018 |
| | Court of Appeals Case No. 49A02-1707-CT-1488 |
| v. | Appeal from the Marion Superior Court |
| Mt. Zion Apostolic Church, Inc. *Appellee-Defendant.* | The Honorable Gary Miller, Judge |
| | Trial Court Cause No. 49D03-1602-CT-6040 |

**Pyle, Judge.**

# Statement of the Case

[1]     Appellant-Plaintiff, Maynona Blackmon ("Blackmon"), appeals the trial court's grant of summary judgment to Appellee-Defendant, Mt. Zion Apostolic Church ("Mt. Zion"). After Blackmon's son died on Mt. Zion's property, Blackmon filed a complaint, containing one wrongful death claim and six survival claims (Counts 1 through 7), and she alleged that she was raising these claims on behalf of her son as his personal representative. She also filed an amended complaint, adding two emotional distress claims (Counts 8 and 9) filed on her own behalf. When Mt. Zion filed its answer, it addressed only Counts 1 through 7 and raised multiple affirmative defenses, including lack of standing. Thereafter, Mt. Zion filed a motion for partial summary judgment, arguing that it was entitled to summary judgment on Counts 1 through 7 as a matter of law because Blackmon did not have the appropriate legal status within the relevant statutory filing period to raise the wrongful death claim and the six survival claims. More specifically, it argued that Counts 1 through 7 could only be brought by a personal representative and that Blackmon was not the personal representative within the two-year statutory period for the wrongful death claim and the eighteen-month period for the survival claims. The trial court granted partial summary judgment in favor of Mt. Zion relating to Counts 1 through 7, the wrongful death claim and the survival claims, and its order included language that there was no just reason for delay and that the judgment was final.

[2]     On appeal, Blackmon does not dispute that she was not her son's personal representative within the relevant statutory period for filing the wrongful death and survival claims. Instead, she argues that Mt. Zion waived any affirmative defense to these seven claims and that it was precluded from raising the lack of standing defense in its summary judgment motion.[1] Concluding that Blackmon's argument is without merit, we affirm the trial court's grant of partial summary judgment to Mt. Zion on Blackmon's wrongful death and survival claims (Counts 1 through 7), and we remand this case for further proceedings on the pending emotional distress claims (Counts 8 and 9).

[3]     We affirm and remand.

## Issue

Whether the trial court erred by granting Mt. Zion's motion for partial summary judgment on Blackmon's wrongful death and survival claims.

## Facts

[4]     On October 5, 2014, Blackmon's twenty-five-year old son died in a retention pond on Mt. Zion's premises. On February 18, 2016, Blackmon filed a

---

[1] Blackmon also argues that the trial court erred by granting summary judgment to Mt. Zion on Counts 8 and 9, the emotional distress claims that she brought on her own behalf. Mt. Zion acknowledges that it did not move for summary judgment on Counts 8 and 9 and asserts that, accordingly, the trial court did not grant summary judgment to Mt. Zion on Counts 8 and 9. Our review of the record reveals that the trial court granted partial summary judgment to Mt. Zion on Counts 1 through 7 only and that Counts 8 and 9 are still pending before the trial court.

complaint against Mt. Zion.[2] She raised seven claims (collectively, "Counts 1 through 7"), including one wrongful death claim under INDIANA CODE § 34-23-1-2 ("wrongful death claim") and six claims under the survival statute, INDIANA CODE §§ 34-9-3-1 and 34-9-3-4 ("survival claims").[3] Blackmon also alleged that she was raising these claims on behalf of her son as his personal representative.

[5] A couple of weeks later, on February 29, 2016, Blackmon filed an amended complaint, in which she added two additional claims to her prior seven claims. Specifically, she raised claims for negligent infliction of emotion distress and intentional infliction of emotion distress on her own behalf ("Counts 8 and 9" or "emotional distress claims").

[6] On April 13, 2016, Mt. Zion filed an answer and affirmative defenses. In its answer, Mt. Zion addressed Blackmon's original complaint, not her amended complaint. Thus, Mt. Zion addressed only the allegations in Counts 1 through 7. As for affirmative defenses to Blackmon's wrongful death and survival claims, Mt. Zion alleged, in relevant part, that Blackmon "lacked standing to bring any of the claims she [wa]s bringing." (App. Vol. 2 at 55).

---

[2] Blackmon also filed the complaint against "Does 1-25[,]" whom she alleged were "yet unnamed Defendants" who were "complicit and culpable" with Mt. Zion. (App. Vol. 2 at 8).

[3] Blackmon claims under the survival statute included the following: (1) battery; (2) assault; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) general negligence; and (6) premises liability negligence.

[7] Mt. Zion filed a motion for summary judgment on May 4, 2017. Mt. Zion sought summary judgment on only Counts 1 through 7 and did not mention Counts 8 and 9. Thus, its motion for summary judgment was technically a motion for partial summary judgment. Mt. Zion requested the trial court to enter a final judgment in its favor pursuant to Indiana Trial Rule 54(B). Mt. Zion argued that it was entitled to summary judgment on the wrongful death claim and survival claims because Blackmon lacked "proper legal status" to bring these claims since she was not the personal representative of her son's estate and no estate had been opened for him. (App. Vol. 2 at 61). Citing to caselaw in support of its argument, Mt. Zion also contended that even if Blackmon were to open an estate and become the personal representative, it was still entitled to summary judgment because the statutory filing period for a personal representative to file a wrongful death claim (two years) and survival claims (eighteen months) had already expired and this change in legal status would not relate back. Thus, Mt. Zion argued that it was entitled to judgment as a matter of law because Blackmon did not have the appropriate legal status within the relevant statutory filing period.

[8] In her summary judgment response, Blackmon did not dispute the fact that she was not the personal representative for her son's estate. Nor did she contend that she had opened an estate for her son. Instead, she argued that the trial court should not grant summary judgment to Mt. Zion on Counts 1 through 7, the wrongful death claim and the six survival claims, because Mt. Zion had waived its right to assert an affirmative defense on summary judgment. She

acknowledged that Mt. Zion had raised lack of standing as a defense in its answer but argued that it should have been more specific when pleading the defense in its answer. Blackmon also pointed out that Mt. Zion's answer did not address Counts 8 and 9 from her amended complaint. She argued that the trial court should not grant summary judgment for Counts 8 and 9 because these emotional distress claims related to harm to her and did not depend on her status as a personal representative under the wrongful death and survival statues.[4]

[9] Thereafter, the trial court issued an order in which it granted Mt. Zion's partial summary judgment motion. The trial court's order provided that "there [wa]s no just reason for delay" and that "final judgment" was entered for Mt. Zion. (App. Vol. 2 at 11).[5] Blackmon filed a motion to correct error, and the trial court denied it.[6] Blackmon now appeals.

---

[4] On appeal, Mt. Zion alleged that Blackmon's summary judgment response was untimely and should not be considered. Mt. Zion, however, raised no such argument to the trial court.

[5] Thus, the language of the trial court's order reflected the "magic language" of Trial Rule 54(B), making it a final, appealable order for the summary judgment entered on Counts 1 through 7. *See Georgos v. Jackson*, 790 N.E.2d 448, 452 (Ind. 2003), *reh'g denied*.

[6] Blackmon also filed a motion for default judgment, which the trial court denied.

# Decision

[10] Blackmon argues that the trial court erred by granting summary judgment to Mt. Zion on Counts 1 through 7, the wrongful death claim and the six survival claims that she brought on behalf of her deceased son.

[11] Our standard of review for summary judgment cases is well settled. When we review a trial court's grant of a motion for summary judgment, our standard of review is the same as it is for the trial court. *Knighten v. E. Chi. Hous. Auth.,* 45 N.E.3d 788, 791 (Ind. 2015). Summary judgment is appropriate only where the moving party has shown that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Only after the moving party carries its burden is the non-moving party then required to present evidence establishing the existence of a genuine issue of material fact. *Knighten*, 45 N.E.3d at 791. Additionally, "[w]e construe all factual inferences in favor of the non-moving party and resolve all doubts regarding the existence of a material issue against the moving party." *Id.*

[12] "The General Assembly has enacted legislation to provide causes of action through various acts, such as the Survival Statute and the Wrongful Death Act[,]" and these statutes "create a new right in favor of the legal representative of the injured decedent." *Faris v. AC & S, Inc.*, 842 N.E.2d 870, 874 (Ind. Ct. App. 2006), *reh'g denied*. However, "Indiana case law is . . . clear that the only proper plaintiff in a wrongful death action is the one designated in the wrongful death statute, i.e., the personal representative." *Gen. Motors Corp. v. Arnett*, 418

N.E.2d 546, 548 (Ind. Ct. App. 1981). *See also* I.C. § 34-23-1-1(b) (providing that "only the personal representative of the adult person may maintain an action against the person whose wrongful act or omission caused the death of the adult person"); *Goleski v. Fritz*, 768 N.E.2d 889, 890 (Ind. 2002) (explaining that under the wrongful death act, "the personal representative" of the deceased may bring an action within two years); *Hosler ex rel. Hosler v. Caterpillar, Inc.*, 710 N.E.2d 193, 196 (Ind. Ct. App. 1999) (explaining that a claim under the wrongful death act must be commenced by the personal representative of the decedent within two years), *reh'g denied*, *trans. denied*; *South v. White River Farm Bureau Co-op.*, 639 N.E.2d 671, 673 (Ind. Ct. App. 1994) ("Indiana's wrongful death statute grants the right to maintain a wrongful death action only to the personal representative of the decedent), *trans. denied*. "Indeed, the bringing of the action by one in the capacity of personal representative is a condition precedent to the action." *South*, 639 N.E.2d at 673 (citing *Gen. Motors*, 418 N.E.2d at 548).

[13] Similarly, the survival statute provides that a decedent's personal representative is the party who is to raise any survival claim on the decedent's behalf. *See* I.C. § 34-9-3-4(b) (providing that "[t]he personal representative of the decedent who was injured may maintain an action against the wrongdoer to recover all damages resulting before the date of death from those injuries that the decedent would have been entitled to recover had the decedent lived"); *Faris*, 842 N.E.2d at 874 (explaining that "[u]nder the plain language of the Survival Statute, only the personal representative of [the decedent's] estate, not [the plaintiff] as an

individual, could properly institute [a] lawsuit" for survival claims within eighteen months after the death of the decedent). Additionally, a party who does not have the appropriate legal status during the requisite time period for initiating a wrongful death claim or a survival claim cannot save these claims by filing an amended complaint. *See Faris*, 842 N.E.2d at 875 (setting forth a "rule that an amended complaint will relate back if the claimant gains the appropriate legal status within the statute of limitations and affirming the dismissal of the plaintiff's survival claims where she was not the personal representative of the decedent's estate within the requisite eighteen-month period); *Hosler*, 710 N.E.2d at 196 (explaining that Indiana Trial Rule 15(C) does not alter a party's legal status and cannot be used to save a wrongful death claim from dismissal); *Gen. Motors*, 418 N.E.2d at 549 (holding that "[i]n an Indiana wrongful death action neither the belated appointment [as personal representative] itself nor an amended complaint can relate back to the date of the original filing" and explaining that Indiana Trial Rules 15(C) and 17(A) could not save the plaintiff's wrongful death claim where she was not the personal representative of the decedent's estate within the requisite two-year period).

[14] On appeal, Blackmon does not dispute the fact that she was not the personal representative during the relevant statutory filing period for the wrongful death claim and the survival claims raised in Counts 1 through 7. Instead, she contends that the trial court erred by granting summary judgment on Counts 1 through 7 because Mt. Zion waived its right to assert an affirmative defense pursuant to Trial Rule 8(C).

Indiana Trial Rule 8(C) provides as follows:

> **(C) Affirmative defenses.** A responsive pleading shall set forth affirmatively and carry the burden of proving: accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, lack of jurisdiction over the subject-matter, lack of jurisdiction over the person, improper venue, insufficiency of process or service of process, the same action pending in another state court of this state, and any other matter constituting an avoidance, matter of abatement, or affirmative defense. A party required to affirmatively plead any matters, including matters formerly required to be pleaded affirmatively by reply, shall have the burden of proving such matters. The burden of proof imposed by this or any other provision of these rules is subject to the rules of evidence or any statute fixing a different rule. If the pleading mistakenly designates a defense as a counterclaim or a counterclaim as a defense, the court shall treat the pleading as if there had been a proper designation.

When discussing Trial Rule 8(C), our supreme court has explained that "[t]he list of affirmative defenses contained in the Rule is not exhaustive" and that "a party seeking the benefit of an affirmative defense must raise and specifically plead that defense or it is waived." *Willis v. Westerfield*, 839 N.E.2d 1179, 1185 (Ind. 2006).

[16] Here, when Mt. Zion filed its answer, it alleged, as one of its affirmative defenses against Blackmon's wrongful death and survival claims, that Blackmon "lacked standing to bring any of the claims she [wa]s bringing." (App. Vol. 2 at 55). Blackmon acknowledges that Mt. Zion raised lack of

standing as a defense in its answer, but she contends that this defense was not specific enough or was not "specifically plead." (Blackmon's Br. 13). She suggests that "[m]ore appropriate or acceptable examples" would include the following: (1) "the Plaintiff is not (or is not known to be) the Personal Representative of the decedent, and therefore lacks standing under the wrongful death and survival statutes to bring and maintain the current action[;]" or (2) "the Plaintiff lacks the standing required under the wrongful death and survivor statutes to bring claims on behalf of the decedent." (Blackmon's Br. 12). She contends, without citation to relevant authority, that the lack of extra detail resulted in waiver of the defense and precluded Mt. Zion from raising the affirmative defense in its summary judgment motion.

[17] Mt. Zion raised and specifically plead a lack of standing defense in its answer. It did not raise this defense for the first time in summary judgment. Thus, we conclude that Blackmon's argument is without merit.[7] Accordingly, we affirm the trial court's grant of partial summary judgment to Mt. Zion on Blackmon's wrongful death and survival claims (Counts 1 through 7), and we remand this case for further proceedings on the pending emotional distress claims (Counts 8 and 9).

---

[7] We also reject Blackmon's contention that Mt. Zion waived its lack of standing affirmative defense to her wrongful death and survival claims (Counts 1 through 7) because its answer did not specifically address her emotional distress claims (Count 8 and 9) in her amended complaint. She makes no cogent argument to support this contention, and we will not address it further. *See* Ind. App. R. 46(A)(8).

Affirmed and remanded for further proceedings.

Kirsch, J., and Bailey, J., concur.