# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ADAM J. SEDIA**
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana



FILED

Mar 27 2014, 9:51 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DOUGLAS J. ALLISON,                  )
                                     )
    Appellant-Respondent,            )
                                     )
        vs.                      )    No. 64A05-1311-PO-554
                                     )
HEATHER PEPKOWSKI,                   )
                                     )
    Appellee-Petitioner.             )

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Julia M. Jent, Judge
Cause No. 64D03-1308-PO-7674

**March 27, 2014**

**OPINION - FOR PUBLICATION**

**DARDEN, Senior Judge**

The trial court continued the hearing on a protective order petition and extended the temporary protective order for six months after the petitioner suffered an apparent anxiety attack while on the witness stand. Although the circumstances justified a continuance and extension, the delay of six months without explanation runs contrary to the Indiana Civil Protection Order Act and violates the respondent's due process rights. In any event, because the court's extension granted a temporary restraining order, which is not appealable as of right, the respondent was required to seek a discretionary interlocutory appeal. Because he did not do so, we must dismiss this appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

On August 26, 2013, Heather Pepkowski petitioned the Porter Superior Court for an ex parte protective order against her neighbor Douglas Allison, alleging that Allison had engaged in harassing behavior toward her and her mother constituting stalking. The petition requested a hearing. The same day, the trial court granted the ex parte protective order and set the matter for a hearing on October 10, 2013.

Pepkowski and Allison each appeared in person and by counsel for the October 10, 2013 hearing. Allison had seven witnesses ready to testify on his behalf. Pepkowski was the first and, as it turned out, the only person to testify. During redirect examination, the trial court became concerned for Pepkowski's physical well-being while on the witness stand and thus continued the hearing:

2

Q       And just so we're clear – you okay?
BY THE COURT:
        You okay?
Q       You want to take a break?
BY THE COURT:
        Let me call security in.
BY PETITIONER'S ATTORNEY:
        Breathe[ ] slowly, it's okay, every things [sic] fine.
BY THE WITNESS:
        I need my mom.
BY THE COURT:
        I think maybe we ought to wrap this up for today.  I have some issue, I have some concerns with your well being.  There's a hospital emergency room right next door.  Do you feel you need to go in?  Do you want us to call someone?  Mom, do you think we need to call an ambulance?  Let's do that.  Let me reset this counsel, we'll take care of that later as far as time and dates are concerned.  I think we need to get her medical attention.  I'm not going to take any chances here, we've had too many issues.
BY THE WITNESS:
        I'm sorry.
BY THE COURT:
        It's okay.  It's absolutely okay, has no bearing one way or another on your case.  We just want to make sure everyone stays healthy.  I want to see counsel[ ] in chambers right now, and then we'll get a new court date for you guys.  Larry is an EMT so he knows what to do here.  Okay, and we'll get you new dates.

Tr. pp. 28-29.  The same day, the trial court issued an order resetting the hearing for six months later on April 10, 2014, and extending the temporary protective order until that time.  The record does not indicate that Allison objected to the court's order.  Allison now appeals, asserting that he has a right to do so pursuant to Indiana Appellate Rule 14(A)(5).

## DISCUSSION AND DECISION

Allison does not challenge the trial court's continuance of the hearing or extension of the temporary protective order pending the hearing.  Rather, he challenges the length

3

of the delay, contending the court's continuance and extension for six months runs contrary to the Indiana Civil Protection Order Act, which aims to provide prompt resolutions to protective order petitions. He thus asks us to dismiss Pepkowski's action.

We initially note that Pepkowski has not filed a brief. When an appellee fails to submit a brief, we need not undertake the burden of developing arguments on her behalf. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Instead, we apply a less stringent standard of review with respect to showings of reversible error and reverse if the appellant establishes prima facie error. *Id.* Prima facie error in this context is an error at first sight, on first appearance, or on the face of it. *Id.*

Indiana's Civil Protection Order Act is to be construed to promote (1) the protection and safety of all victims of domestic or family violence "in a fair, prompt, and effective manner" and (2) the prevention of future domestic and family violence. Ind. Code § 34-26-5-1 (2002).

A person who is or has been a victim of domestic or family violence may file a petition for a protective order against (1) a family or household member who commits an act of domestic or family violence or (2) a person who has committed stalking or a sex offense against the petitioner. Ind. Code § 34-26-5-2(a) (2002). If it appears from a protective order petition "that domestic or family violence has occurred," a trial court may immediately issue an ex parte protective order without notice or a hearing. Ind. Code § 34-26-5-9(a)(1) (2010). For purposes of the Civil Protection Order Act, domestic and family violence includes stalking or a sex offense "whether or not the stalking or sex

4

offense is committed by a family or household member." Ind. Code § 34-6-2-34.5 (2007).

Indiana Code section 34-26-5-9(b) sets forth the type of relief a trial court may provide in an ex parte order. If such ex parte relief is granted, a prompt hearing is required upon a party's timely request:

> [I]f a court issues . . . an order for protection ex parte . . . and provides relief under section 9(b) of this chapter, upon a request by either party not more than thirty (30) days after service of the order . . ., the court shall set a date for a hearing on the petition. The hearing must be held not more than thirty (30) days after the request for a hearing is filed unless continued by the court for good cause shown.

Ind. Code § 34-26-5-10(a) (2002). On August 26, 2013, Pepkowski petitioned for a protective order and requested a hearing. The trial court issued an ex parte protective order, granting relief under three provisions of Section 9(b).[1] Pursuant to Section 34-26-5-10(a), the hearing should have been held by September 25, 2013. Although it was not held until fifteen days later on October 10, 2013, neither party objected to the delay.

At the hearing, Pepkowski suffered what appears to be some type of anxiety attack while on the witness stand. The trial court thus ended the hearing and reset the matter for six months later on April 10, 2014, and extended the temporary protective order against Allison until that time.

---

[1] Specifically, the court granted relief under 9(b)(1) ("Enjoin a respondent from threatening to commit or committing acts of domestic or family violence against a petitioner and each designated family or household member."), 9(b)(2) ("Prohibit a respondent from harassing, annoying, telephoning, contacting, or directly or indirectly communicating with a petitioner."), and 9(b)(4) ("Order a respondent to stay away from the residence, school, or place of employment of a petitioner or a specified place frequented by a petitioner and each designated family or household member.").

It was certainly within the trial court's discretion to continue the matter based on Pepkowski's apparent anxiety attack at the hearing. A six-month delay, though, defeats the Act's purpose of protecting victims in a fair, prompt, and effective manner. It also runs contrary to Section 34-26-5-10(a), which requires a hearing within thirty days after a request for a hearing is filed "unless continued by the court for good cause shown." The trial court made no record explaining why a delay of six months was necessary.

The need for a particular length of delay must be balanced against Allison's due process rights. Indeed, the temporary protective order has been in effect during the entire pendency of this appeal. The court's extension of that order resulted in Allison being subject to its terms for over seven months (the initial 45-day period before the hearing plus the six-month continuance), all before he has even had an opportunity to be heard at a hearing. In such circumstances, and as provided by statute, good cause was necessary for the delay. We are inclined to determine that the trial court abused its discretion by continuing the hearing for six months without explanation and to remand for a prompt hearing.

However, a party's failure to object to an error waives the issue for review. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 974 (Ind. 2005). "The overriding purpose of the requirement for a specific and timely objection is to alert the trial court so that it may avoid error or promptly minimize harm from an error that might otherwise require reversal, result in a miscarriage of justice, or waste time and resources." *Camm v. State*, 908 N.E.2d 215, 223 (Ind. 2009). There is no indication in the record that Allison brought the issue before the trial court. We cannot grant any type of relief under

such circumstances. *See Schiller v. Knigge*, 575 N.E.2d 704, 707 (Ind. Ct. App. 1991) ("[L]itigants will not be permitted to invite error by their action, inaction or silence and then expect to be successful in an attempt to gain relief from the error on appeal.").

Instead of objecting, Allison filed a notice of appeal. Allison argues that the trial court's October 10, 2013 order is appealable as a matter of right because it is an interlocutory order granting or refusing to dissolve a preliminary injunction. *See* Ind. Appellate Rule 14(A)(5) (an appeal from an interlocutory order "[g]ranting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction" may be taken as a matter of right). However, a preliminary injunction may not be granted without notice and an opportunity to be heard at a hearing. *See* Ind. Trial Rule 65(A)(1). Allison appeared at the October 10, 2013 hearing, but the hearing ended before he had an opportunity to be heard. Thus, the court's extension of the temporary protective order granted a temporary restraining order, not a preliminary injunction. Temporary restraining orders are not appealable as of right. *Witt v. Jay Petroleum, Inc.*, 964 N.E.2d 198, 203 (Ind. 2012). To pursue this appeal, Allison was required to seek the trial court's certification of the order for interlocutory appeal, and upon the court's certification, to ask us to accept jurisdiction over the appeal. *See* Ind. Appellate Rule 14(B) (providing process for pursuing discretionary interlocutory appeals). Because he did not, we must dismiss his appeal for lack of jurisdiction.

### CONCLUSION

We therefore dismiss Allison's appeal.

RILEY, J., and MAY, J., concur.

7