# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2016, 7:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald E. Weldy
Barker Hancock & Cohron LLC
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

A. Richard M. Blaiklock
Edward D. Thomas
Lewis Wagner, LLP
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Vincent Morford,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>TLC Express, LLC, d/b/a Indy Expediting,<br>*Appellee-Defendant.* | November 15, 2016<br><br>Court of Appeals Case No.<br>49A02-1603-PL-642<br><br>Appeal from the Marion Superior Court<br><br>The Hon. John Hanley, Judge<br><br>Trial Court Cause No.<br>49D11-1406-PL-18563 |

**Bradford, Judge.**

# Case Summary

[1]    Appellant-Plaintiff Vincent Morford ("Morford") brought suit against his former employer Appellee-Defendant TLC Express, LLC, d/b/a Indy Expediting ("Indy Expediting") asserting various causes of action, including a wage claim, intentional interference with an economic relationship, and blacklisting. The trial court granted summary judgment for Indy Expediting on the intentional interference with an economic relationship and blacklisting claims, and certified its order for interlocutory appeal.

[2]    On appeal, Morford raises the following restated issues: whether the trial court erred in granting Indy Expediting's motion for summary judgment on Morford's intentional interference with an economic relationship and blacklisting claims. Because Indy Expediting was justified in its disclosures to Morford's subsequent employer and the truthfulness of the content of such disclosures was supported by the record, we affirm.

# Facts and Procedural History

[3]    Morford began working for Indy Expediting on or about March 7, 2013. Emily Reeves served as Morford's co-driver while he worked for Indy Expediting delivering cargo. On March 22, 2013, Morford was terminated from his employment with Indy Expediting as a result of failing his pre-employment drug test.

[4]    On or about May 24, 2013, Morford filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Indy Expediting. On June 21,

2013, Morford wrote Indy Expediting a handwritten letter. In the letter, Morford admitted that after he was terminated from Indy Expediting for testing positive for cocaine, he was mad and "wanted to get even" so he "convinced Emily to file charges" against Indy Expediting.[1] App. Vol. 2, p. 42. Morford went on to say that he "just became a Christian" and that he did not "want to be a part of any deception anymore." App. Vol. 2, p. 42.

[5] On or about August 5, 2013, Indy Expediting responded to a Performance History Records Request from Morford's subsequent employer Towne Air Freight. In responding to this request, Indy Expediting disclosed that Morford had failed a drug test, "filed false filings on company," and "lied to dispatcher." App. Vol. 2, p. 44. Indy Expediting went on to state that it "never would rehire him" and warned Towne Air Freight to "[p]lease be careful – we are having him prosecuted for false allegations." App. Vol. 2, p. 44.

[6] On or about August 20, 2013, Morford filed a second EEOC charge against Indy Expediting. On February 11, 2014, Indy Expediting filed a Notice of Claim against Morford in the Perry Township Small Claims Court. The claim was based upon damages incurred as a result of the time Indy Expediting spent investigating and disputing Morford's allegedly false EEOC claims. On February 19, 2014, Morford filed a counter-claim against Indy Expediting alleging lost wages and harassment. On June 4, 2014, the Perry Township

---

[1] Based upon the record, it is unclear what became of the charges that Emily Reeves allegedly filed against Indy Expediting.

Small Claims Court ordered the agreed dismissal of the parties' pending claims. Morford filed the present action later that day after the agreed dismissal.

[7]     On June 4, 2014, Morford filed a complaint alleging that Indy Expediting had violated the Wage Claims Statute, Indiana Code chapter 22-2-9; intentionally interfered with his economic relationship with his subsequent employer Towne Air Freight; and violated the Blacklisting Statute under Indiana Code chapter 22-5-3. On August 3, 2015, Indy Expediting filed a motion for summary judgment. Morford filed his opposition on October 8, 2015. On December 21, 2015, the trial court granted in part, and denied in part, the motion for summary judgment. The trial court granted summary judgment on Morford's intentional interference with an economic relationship and blacklisting claims, but denied judgment on his wage claim.

[8]     On January 20, 2016, Morford filed a motion to correct error and motion to certify the trial court's interlocutory order for appeal pursuant to Indiana Appellate Rule 15(B). Indy Expediting filed its opposition to the motion to correct error and motion to certify on February 9, 2016. Morford filed his reply in support of motion to correct error on February 15, 2016. The trial court denied Morford's motion to correct error on February 16, 2016. On March 18, 2016, Morford filed his motion to accept jurisdiction over interlocutory appeal with this Court. This Court granted the motion on April 22, 2016.

# Discussion and Decision

# Standard of Review

We review summary judgment de novo, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.2d 1000, 1003 (Ind. 2014). At the trial court, the summary judgment movant has the initial burden to demonstrate the absence of any genuine issue of material fact as to a determinative issue, at which point the burden shifts to the non-movant to present contrary evidence showing an issue for the trier of fact. *Id.* "A fact is material if its resolution would affect the outcome of the case and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal quotations and citations omitted).

If the trial court grants summary judgment to the moving party, the non-moving party has the burden on appeal to demonstrate to us that the grant of summary judgment was in error. *Id.* During our review, "we carefully assess the trial court's decision to ensure that the [non-moving party] was not improperly denied his day in court." *Id.* Furthermore, we will only consider the evidentiary matter that the parties have designated to the trial court and will construe all reasonable inferences in favor of the non-moving party. *Id.*

Summary judgment is not intended to be a summary trial. *Id.* at 1003-04. Consequently, Indiana has a relatively high bar for summary judgment and "consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims." *Id.*

# I.    Intentional Interference with an Economic Relationship

[12]    In Count II of his complaint, Morford alleged that Indy Expediting had caused "intentional interference with [an] economic relationship" between Towne Air Freight and him.  The elements of tortious interference with a business or economic relationship are: "(1) the existence of a valid relationship; (2) the defendant's knowledge of the existence of the relationship; (3) the defendant's intentional interference with that relationship; (4) the absence of justification; and (5) damages resulting from defendant's wrongful interference with the relationship." *Levee v. Beeching*, 729 N.E.2d 215, 222 (Ind. Ct. App. 2000) (citing *Bradley v. Hall*, 720 N.E.2d 747, 750 (Ind. Ct. App. 1999)).  Illegal conduct by the alleged wrongdoer is an essential element of tortious interference with a business relationship.  *Id*.  Further, the lack of justification is established "only if the interferer acted intentionally, without a legitimate business purpose, and the breach is malicious and exclusively directed to the injury and damage of another.  *Bilimoria Computer Sys., LLC v. Am. Online, Inc.*, 829 N.E.2d 150, 156-57 (Ind. Ct. App. 2005).  However, "[t]he existence of a legitimate reason for the defendant's actions provides the necessary justification to avoid liability." *Id*. at 157.

[13]    Morford alleges that the trial court improperly granted summary judgment on a claim not brought by him.  Specifically, Morford argues that his claim is contractual in nature because "[h]e began working for Towne Air Freight in April 2013" and therefore, the existence of a contractual relationship should

have been inferred by the trial court. App. Vol. 2, p. 70; Appellant's Br. p. 9. Nevertheless, Morford did not claim intentional interference with a contractual relationship in his complaint. Moreover, the mere existence of a prospective or actual employment relationship does not alter the claim that Morford himself chose to bring in his complaint. The trial court did not err when it did not infer a contractual relationship at summary judgment. Indeed, the trial court did nothing more or less than rule on the claim that Morford himself brought in his complaint.

[14] As discussed below in the blacklisting claim, there is evidence to support a finding that Indy Expediting was justified in its disclosures to Towne Air Freight. Indy Expediting did not initiate contact with Morford's subsequent employer. There is also no evidence that that Indy Expediting responded to the Performance Request with the intent to be malicious or to injure Morford. The pertinent information disclosed by Indy Expediting in the Performance Request had been admitted to by Morford. Consequently, Indy Expediting was justified in its disclosures which Morford claims to have caused interference with his economic relationship with Towne Air Freight. Because the trial court granted summary judgment on a claim that Morford himself made and uncontradicted designated evidence indicates that Indy Expediting was justified in its actions, we affirm the trial court's ruling in this regard.

## II. Blacklisting

[15] Under Indiana Code section 22-5-3-1(b),

An employer that discloses information about a current or former employee is immune from civil liability for the disclosure and the consequences proximately caused by the disclosure, unless it is proven by a preponderance of the evidence that the information disclosed was known to be false at the time the disclosure was made.

Additionally, the statute "does not prohibit a person from informing, in writing, any other person to whom the discharged employee has applied for employment a truthful statement of the reason for the discharge." Ind. Code. § 22-5-3-1(a). Moreover, when interpreting this statute in the past, we have recognized that "[e]mployers and their agents are immune from civil liability for the disclosure of truthful information to subsequent and potential employers." *Steele v. McDonald's Corp.*, 686 N.E.2d 137, 142 (Ind. Ct. App. 1997).

[16] In the present case, Morford had the burden of proof by a preponderance of the evidence on his blacklisting claim. Consequently, Morford had to prove by a preponderance of the evidence that the information disclosed by Indy Expediting to Towne Air Freight was known to be false at the time the disclosure was made.

[17] The disclosures at issue were made on or about August 5, 2013, in response to a Safety Performance History Records Request. App. Vol. 2, p. 44. Specifically, among other things, Indy Expediting disclosed Morford's failed drug test. Indy Expediting was required to make such disclosure under 49 C.F.R. Section 40.25(h) because his failed drug test was the reason for his termination.

Moreover, Morford himself admitted to failing the drug test in the letter he sent to Indy Expediting on June 21, 2013. App. Vol. 2, p. 42. In that same letter, Morford indicated that he "wanted to get even" and therefore "convinced Emily [Reeves] to file charges" against Indy Expediting. App. Vol. 2, p. 42. However, Morford went on to explain that he "just became a Christian" and that he "[did not] want to be a part of any deception anymore." App. Vol. 2, p. 42. Based on the evidence, Indy Expediting did not violate the Blacklisting Statute when it disclosed a truthful statement involving Morford's discharge, nor was it a violation to disclose statements that Morford himself admitted to. Such statements were not "known to be false" by Indy Expediting. Morford did not meet his burden at the summary judgment phase and the trial court did not err when it granted Indy Expediting's request for summary judgment on the Blacklisting claim, Count III of Morford's complaint.

[18] We affirm.

Pyle, J., and Altice, J., concur.